## NATIONAL LABOR RELATIONS BOARD v. KARP METAL PRODUCTS CO., Inc.

### No. 175.

Circuit Court of Appeals, Second Circuit.
March 25, 1943.

Proceeding by the National Labor Relations Board, petitioner, against Karp Metal Products Company, Inc., respondent, for enforcement of order against respondent.

Roman Beck, of Washington, D. C., for petitioner.

Lester M. Rosenbloom, of New York City, for respondent.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

PER CURIAM.

The Board's order, sought to be enforced in this case, was based on findings that on June 3, 1941, a C. I. O. local was the representative of a majority of the respondent's employees, and that the respondent had evaded its duty in refusing to bargain collectively with it; and further, that it had "demonstrated its favoritism" toward a union of its own employees, which it dominated and with which it bargained collectively. Upon these findings it ordered the respondent to cease from dominating the employees' union and from continuing to recognize it, and it affirmatively ordered the respondent to bargain with the C. I. O. local.

The respondent raises as its first objection that in counting the membership cards of the C. I. O. local the Board included thirteen employees, who testified that they joined the local because the local's organizer, or other members of the local, told them that if they did not, they would, or might, lose their jobs. If these thirteen votes were not unlawfully procured, the local had a majority. We have held that this kind of pressure to obtain votes is lawful. National Labor Relations Board v. Dahlstrom Metallic Door Co., 2 Cir., 112 F.2d 756, 758. We reiterate that ruling. A labor union may, if it can, induce an employer to operate a "closed shop"; and that will ipso facto result in taking away the jobs of all who will not join the union.

There can be nothing unlawful in threatening to do that which it is lawful to do.

 The other point arises as follows: The last determination of a majority of employees was made on June 3, 1941, as we have said, and the Board's order was entered on July 8, 1942. On March 18, 1942, the respondent and the employees' union moved the Board to determine whether the C. I. O. local then represented a majority of the employees, and whether it was therefore their lawful representative. The Board denied this motion for the following reasons: "The allegations of these petitions, even if true, are subsequent to and in no way affect the acts complained of, or the legal conclusion to be drawn therefrom." That was indeed true; nothing in the petitions affected the acts complained of, or the legal conclusion to be drawn from them; nevertheless, they did allege facts which might well affect the continued propriety of recognizing the local. It is not our province to decide how far the respondent's earlier unfair trade practices continue to vitiate any choice of a representative by its employees: that is for the Board. Nevertheless, the respondent is entitled to the Board's judgment on that issue and on this record it has been refused any hearing whatever. We have very recently dealt with a similar question in National Labor Relations Board v. New York Merchandising Company, Inc., 2 Cir., 133 F.2d 949; and we need not repeat what we said there. This is not a case where, after the Board has once decided against the employer, he applies to us for a rehearing because of some alleged change in the situation; as we said, such an application "should be scrutinized with jealousy lest it open the door to abuse." Here the application was made while the matter was still pending before the Board, which should not have dismissed it for the sole reason that it affected a situation alleged to have arisen since the testimony was taken. Nothing in National Labor Relations Board v. P. Lorillard Co., 314 U.S. 512, 62 S.Ct. 397, 86 L.Ed. 380, is to the contrary of this position.

 The Board may take an order enforcing all the provisions of its order except that directing it to bargain with the C. I. O. local, and to post notice to that effect. We shall defer enforcing that provision until after it has passed upon the petitions of March 18, 1942. The question should be decided as of the date of the hearing, not as of the date of the petitions, for the remedy will speak as of the time when it takes effect.

Cause remanded in accordance with the foregoing.