Patricia GATES, on behalf of herself, et al., Plaintiffs-Appellants,

v.

FORD MOTOR COMPANY, a corporation, Defendant-Appellee.

No. 73–1610.

United States Court of Appeals, Tenth Circuit.

April 8, 1974.

Larry A. Tawwater and John W. Norman, Oklahoma City, Okl., for plaintiffs-appellants.

Wm. G. Smith, Oklahoma City, Okl., for defendant-appellee.

Before CLARK,* Justice, and HILL and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

In this diversity action appellant Patricia Gates brought suit against appellee Ford Motor Company for personal injury and wrongful death of her husband. The complaint alleges the deceased was operating a tractor, manufactured by appellee, when it overturned on top of him, resulting in his death. It was claimed that the tractor was defectively designed, constituting negligence, strict liability and a breach of implied warranty of fitness.

█ Based upon the pleadings, depositions, affidavits and other discovery, the district court for the Western District of Oklahoma granted appellee's motion for summary judgment.[1] We have examined the record in the light most favorable to appellant and find no genuine issue exists as to any material fact. Accordingly, we affirm.

The relevant facts may be summarized as follows. The subject of the action is a small farm tractor, manufactured by appellee in 1946 and sold to third persons by Harold Potter, an authorized Ford tractor dealer. Potter reacquired the tractor twenty-three years later, made some adjustments and repairs on it, and sold it again. Other persons thereafter owned the tractor before appellant's husband purchased it in August, 1969. He was using the tractor, with a chain attached, to haul logs off his land on March 14, 1970, when it overturned, killing him. Following the accident Potter inspected the tractor and found it had been altered since its sale by him in 1969. A different engine had been installed and the safety bar on the draw bar assembly had been removed.

█ Appellant contends appellee had a duty to design the tractor, so it could be used safely for its intended purpose, and that this duty was breached because the tractor was designed in such a manner as to turn over on top of its driver. Without question appellee was under a duty to design a reasonably safe tractor. The record, however, does not support the allegation that this duty was breached. Appellant has shown only that her husband was fatally injured while operating the tractor. But injury, of itself, is not proof of a defect and raises no presumption of defectiveness. Lyons v. Valley View Hosp., 341 P.2d 261 (Okl.1959).

There were no witnesses to the accident, and thus there is no evidence as to the manner in which the tractor was being operated at the time. Potter testified that the tractor model in question was "one of the most stable and safest tractors on the market" at the time it was manufactured. He also said there were no requirements that tractors be

---

* Honorable Tom C. Clark, Associate Justice, United States Supreme Court, sitting by designation.

1. In support of the motion appellee argued, inter alia, that the statute of limitations barred the action because the tractor had been sold some twenty-two years prior to the accident. Although appellant raises the issue on appeal, it needs little discussion. The applicable statute, 12 O.S. § 95 (Supp. 1971), which provides for a two year limitation period, does not begin to run until injury occurs and the cause of action accrues. Thus the action is not barred.

equipped with roll bars or safety belts. This testimony was uncontroverted. The record also discloses the tractor should be used with its proper draw bar attachment, but that this piece of equipment had been removed.

The logical inference to be drawn from appellant's allegations, that the tractor was defective because it would turn over, is that similar accidents had happened on previous occasions. Yet there is no evidence that the tractor, which had been used for almost twenty-four years, had turned over before. We cannot say that one accident constitutes a design defect.[2]

Nor does the record contain any evidence to support appellant's claim that the tractor was defective because it did not have such safety features as roll bars and seat belts. Potter's uncontroverted testimony was that these were not required. At best, appellant has suggested improvements. But the rule is well settled that a manufacturer does not have a legal duty to produce a product incorporating only features representing the ultimate in safety. Marker v. Universal Oil Prod. Co., 250 F.2d 603 (10th Cir. 1957).

To recover, appellant necessarily must establish that the tractor was defective when manufactured, that such defect rendered the tractor unsafe for its intended use, and that the defective tractor proximately caused the deceased's injuries. The record, however, discloses that no genuine issues exist on any of the material facts. Summary judgment is therefore proper.[3]

Disposition of this case by summary judgment also is proper under Rule 56(e), F.R.Civ.P.[4] Appellee supported its motion for summary judgment with documents. Under the circumstances, the party opposing the motion may not rest upon the mere allegations of his pleading but must respond with specific facts showing a genuine issue for trial. Appellant, however, failed to do this.

The judgment is affirmed.

2. "It goes without saying that at times automobiles turn over, and locomotives, and wagons, and vehicles of all kinds, and that rarely is there indication of negligence in design to account for the occurrence. And so with tractors. Operating as they do over all sorts of surfaces, it would be strange indeed [if] . . . it did not appear that occasionally one turned over or sustained some other accident not attributable to negligence in design or defective materials or workmanship." Ford Motor Co. v. Wolber, 32 F.2d 18, 19 (7th Cir. 1929).

3. Appellant also argues that the alterations made on the defectively designed tractor do not relieve appellee of liability. Having found that no genuine issue exists as to defectiveness, we need not decide the issue.

4. Rule 56(e) provides in part: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.