**W. F. WHITFIELD, Appellee,**

v.

**Nick GANGAS, Appellant.**

**No. 74–1026.**

United States Court of Appeals, Tenth Circuit.

Argued Aug. 23, 1974.

Decided Dec. 9, 1974.

---

* The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.

Murray Cohen of Cohen & Pluess, Oklahoma City, Okl., for appellant.

William D. Curlee, Oklahoma City, Okl. (Lytle Soule & Emery, Oklahoma City, Okl., of counsel, with him on the Brief), for appellee.

Before HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The plaintiff, W. F. Whitfield, brought this diversity action against the defendant, Nick Gangas, to recover money due under an instrument which may be loosely described as a promissory note. Summary judgment was entered for the plaintiff, and the defendant has taken this appeal.

The parties owned the stock in a corporation known as Gangas-Whitfield Volkswagen, Inc., which operated a car dealership in Oklahoma City. The parties entered into a contract whereby the

defendant agreed to sell his stock interest in the corporation, together with other assets, to plaintiff for an agreed consideration. The portion of the purchase price for the defendant's stock in the dealership corporation was subject to adjustment downward in the event the corporate net worth fell below a stated amount as determined by a limited audit to be made by Arthur Andersen & Co. At the time the sale was closed, as hereinafter described, only a tentative audit report was available.

On the closing date the parties signed a comprehensive Memorandum of Closing, as well as the "note" in issue. This memorandum, among other things, made adjustments in the purchase price on the basis of the tentative audit which reflected a downward revision of corporate net worth to a negative figure. This reduced the purchase price for all items sold, and by reason of the provision that a stated dollar amount of the purchase price was to be disbursed by the plaintiff-purchaser on closing to creditors of defendant and of the corporation, the defendant instead of receiving a portion of the purchase price ended up owing the buyer the face amount of the "note." This turnaround, and the amount were recited and included also in the Memorandum of Closing. Defendant, in expectation of an improved position through the finalization of the audit, added to the "note" a statement that the principal amount thereof would be subject to a further adjustment ". . . per memorandum of closing this date." The audit was finalized and it indicated that instead of the face amount of the note, $59,105.15, defendant owed $76,149.65. This was recovered below plus interest and attorney fees.

The defendant admits he signed the "note," and that it is unpaid. He asserted several defenses including economic duress causing him to sign the "note" and the Memorandum of Closing. He also urges that the audit was not made in accord with good nor prior accounting practice.

Plaintiff's motion for summary judgment was granted. The trial court had before it, in addition to the pleadings, only the deposition of the defendant and briefs. The defendant submitted no additional affidavits or depositions, and made no showing of specific facts as contemplated by Rule 56, Fed.R.Civ.P., but instead relied on his pleadings and his brief.

In reviewing a summary judgment, we must determine whether the pleadings, depositions, affidavits, exhibits, and admissions taken together establish the existence of issues of material fact. Machinery Center, Inc. v. Anchor National Life Ins. Co., 434 F.2d 1 (10th Cir.). Allegations in the pleadings may be overcome by discovery. Shehi v. Southwestern Bell Telephone Co., 382 F.2d 627 (10th Cir.). A party opposing a motion for summary judgment may not rest on mere allegations in his pleadings, but must respond with specific facts showing a genuine issue for trial. Gates v. Ford Motor Co., 494 F.2d 458 (10th Cir.). General assertions and conclusionary statements are not enough. Reid v. International Union, United A., A. & A. Imp. Wkrs., 479 F.2d 517 (10th Cir.).

The admitted execution of the "note" and the Memorandum of Closing with its complete recitations and approval of the audit must foreclose consideration of the points raised by the defendant except as to duress he asserts accompanied the closing of the sale.

The circumstances surrounding the closing and the Memorandum of Closing are significant. The defendant at the time was being very hard pressed by his creditors and those of the corporation. He had told them they would be paid out of the proceeds of the sale, and with this expectation they were present at the closing negotiations which apparently lasted four or five hours at the office of plaintiff. The creditors were there determined to get their money, and were anxious that the sale be closed and the proceeds be disbursed to them. The plaintiff was also urging that the matter

be closed and that the "note" be signed before he would make the disbursements for the creditors. It was in these circumstances that the closing was negotiated and the instruments signed.

The allegations of duress in the pleadings must be examined in light of the deposition of appellant Gangas. Bushman Construction Co. v. Air Force Academy Housing, Inc., 327 F.2d 481 (10th Cir.). At the taking of Gangas' deposition, he was asked to detail his claims of duress. He cited the following conditions:

1. The business was in financial difficulty due to the ten per cent tax imposed on imported cars in August 1971 and the longshoremen's strike which was in effect at that same time.

2. Some months before, plaintiff and a Mr. Jones who was a ten per cent shareholder in the corporation (defendant owned fifty per cent and plaintiff forty per cent) removed defendant as manager and reduced his salary from $3,000 to $1,000 per month. This action was taken in their capacity as directors.

3. Defendant owed the following sums: $78,217.57 to Fidelity National Bank (this was a corporate debt, personally guaranteed by defendant and plaintiff). $59,488.74 to Community National Bank (this was a corporate debt, also personally guaranteed by both parties). $56,084.00 to Fidelity National Bank (this was a personal debt). $28,770.34 to Jones & Pellow Oil Co. (this was a personal debt). The creditors had harassed Gangas and his wife for at least six months over the payment of these obligations. They had threatened to take everything he had, one had put a lien on his home, and bankruptcy threatened. These creditors were paid by disbursements made by plaintiff at the closing.

4. Plaintiff said that he would not pay the creditors unless defendant signed the Memorandum and the note. At the closing, plaintiff also threatened to shut down the business if defendant did not sign. This he could have done as director with the cooperation of Jones, or by telling the bank creditors that he would not pay the corporate obligations since the sale of the company was not going to close. Without the sale, defendant and the company could not pay the debts owed to the banks.

Threats by creditors to force the business into involuntary bankruptcy are, of course, actions of third parties. Plaintiff, by his control of the board of directors, could have closed down the business at any time. Since this was action he could take legally, as was the other he threatened to take, it cannot constitute duress. NLRB v. Karp Metal Products Co., 134 F.2d 954 (2d Cir.); Sinclair Refining Co. v. Roberts, 201 Okl. 358, 206 P.2d 193. Thus the deposition of defendant shows that the action threatened to be taken by plaintiff was that which he could legally do and was not improper. We apply this standard as there are no Oklahoma cases on the issue. The trial judge applied this doctrine as the law of Oklahoma and, under our decisions and practice, we accept this determination under such circumstances, if not clearly wrong.

The other "threatened action" was the strong pressure on defendant which came from third parties—the creditors. These were manifestations of the economic-financial problems of defendant, and cannot constitute duress by plaintiff. See Furman v. Gulf Ins. Co., 152 F.2d 891 (8th Cir.).

Thus the record shows that there was no factual basis whereby defendant can assert duress as a defense to the note nor to the Memorandum of Closing. The memorandum considers and provides for the other matters the plaintiff seeks to raise by way of defense including the nature of the audit, the setoff claim, and performance by plaintiff of prior agreements. The defendant acknowledged that he knew no additional facts relative to the sale at the time of his deposition that he did not know at the time of closing.

There remained no material factual issues, and the granting of summary judgment was proper.

Affirmed.