WILFRID M. RAEMER AND ALMA J. RAEMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raemer v. Commissioner
Docket No. 8785-78.
United States Tax Court
T.C. Memo 1981-138; 1981 Tax Ct. Memo LEXIS 605; 41 T.C.M. (CCH) 1149; T.C.M. (RIA) 81138; March 25, 1981. Francis J. Elward, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak for trial or other disposition pursuant to the provisions of section 7456(c), Internal Revenue Code, including hearing and ruling on respondent's motion for partial summary judgment filed herein. After a review of the record we agree with and adopt his opinion which is set forth below. [1]
*606 OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion for partial summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2] The motion was heard at the Motions Session on March 4, 1981. There was no appearance by or on behalf of petitioners, nor has the Court received from them any response to the motion. Respondent appeared by his counsel and argued in support f his motion. At the conclusion of the hearing the motion was taken under advisement. Respondent determined deficiencies in petitioners' 1973 and 1974 income tax, plus dditions to tax under sections 6651(a) and 6653(a) [3] as follows: Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1973
$ 7,466.19
$ 2,139.17
$ 508.55
1974
$ 8,671.95
$ 411.95
$ 490.44
Respondent's deficiencies are based primarily on petitioners' failure to report as income certain amounts reported by the *607 Wilfrid Martin Raemer Family Trust, related adjustments, and the claimed deduction of $ 3,500 reported on petitioners' return as "Costs to Maintain and Conserve Assets and/or Minimize Taxes (I.R.C. 212)". Other adjustments are not relevant with respect to this motion. The issues raised by respondent's motion are whether petitioners are required to report as income $ 33,210.83 and $ 39,019.98 in 1973 and 1974, respectively, and are entitled to deduct the $ 3,500 paid in 1973 for materials relating to a family trust. We have reviewed the entire record including respondent's motion, affidavit, copies of petitioners' returns for 1973 and 1974 and copies of fiduciary returns of the Wilfrid Martin Raemer Family Estate (A Trust) for 1973 and 1974. Respondent states that petitioner Wilfrid M. Raemer executed a declaration of trust for the Wilfrid Martin Raemer Family Estate (A Trust) on February 24, 1973. (Hereinafter the Trust). Respondent further states that $ 33,210.83 and $ 39,019.38 was income from personal services rendered by petitioners in 1973 and 1974, respectively; that these amounts were reported as gross income and then deducted in arriving at adjusted *608 gross income on the respective returns; and erroneously reported on returns filed by the Trust. The pleadings show that petitioners paid $ 3,500 to Educational Scientific Publishers or a related organization for the form trust instrument and related information. Respondent also tated that the Trust was similar, if not identical, to the trusts and fees involved in a number of cited cases. Under Rule 121 a partial summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(d) provides in pertinent part: When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by ffidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him. Rule 121(d) is derived almost verbatim from *609 Rule 56(e) of the Federal Rules of Civil Procedure. (60 T.C. 1128). Under Rule 56(e) the Tenth Circuit has held that where one party supports its motion for summary judgment with documents, depositions or affidavits, the opposing party may not rest on the mere allegations of his pleadings but must respond with specific facts showing a genuine issue for trial. Whitfield v. Gangas, 507 F.2d 880 (10th Cir. 1974); Gates v. Ford motor Company, 494 F.2d 458 (10th Cir. 1974); Brown v. Ford Motor Company, 494 F.2d 418 (10th Cir. 1974). Since the opposing arty failed to do so, the Tenth Circuit sustained the summary judgments entered in those cases. [4]
Petitioners have failed to respond by affidavits or otherwise to respondent's motion. In view of petitioners' utter failure to submit any information which would contradict the statements made by respondent with respect to the issues in question, we find no genuine issue of material fact remains in dispute. Therefore, partial *610 summary judgment is a proper procedure to apply in this case. See Callow v. Commissioner, T.C. Memo. 1980-271, on appeal (10th Cir. October 24, 1980); Callow v. Commissioner, T.C. Memo. 1980-272, on appeal (10th Cir. October 23, 1980). See also, United States v. Bingham, 78-1 USTC P9368, 41 AFTR 2d 78-1123 (D. Conn. 1978); Cf. Farber v. Commissioner,T.C. Memo. 1981-57. Our review of this record leads us to conclude that petitioners established a so-called family trust and sought to shelter their own income from taxation. An elementary principle of the income tax law is that income is taxable to he one who earns it and taxation of that income cannot be escaped by anticipatory arrangements assigning it to someone else. Lucas v. Earl, 281 U.S. 111 (1930). This principle has been applied in an ever-lengthening list of socalled family trust cases similar to the present one. See, e.g. Vnuk v. Commissioner, T.C. Momo. 1979-164, affd. 621 F.2d 1318 (8th Cir. 1980); Vercio v. Commissioner, 73 T.C. 1246 (1980), appeal dismissed (10th Cir., July 31, 1980); Markosian v. Commissioner, 73 T.C. 1235 (1980); *611 Wesenberg v. Commissioner, 69 T.C. 1005 (1978); Horvat v. Commissioner, T.C. Memo. 1977-104, affd. 582 F.2d 1282 (7th Cir. 1978), cert. denied 440 U.S. 959 (1979); Cole v. Commissioner, T.C. Memo. 1981-48; Antonelli v. Commissioner, T.C. Memo. 1980-544; Basham v. Commissioner, T.C. Memo. 1980-545; Corcoran v. Commissioner, T.C. Memo. 1980-546. This case must be added to that list. We further find that the $ 3,500 payment for the form trust instrument and related information is similar to the payments recently considered and ruled upon by this Court in Contini v. Commissioner, 76 T.C. No. 37 (March 19, 1981). [5] We held that such payments were nondeductible personal expenses. Petitioners have advanced no reason why their expenses should be deductible other than the allegations set forth in their petition and those allegations have been rejected repeatedly by this Court. Accordingly, we conclude that petitioners' $ 3,500 payment is a nondeductible personal expense under section 262. *612 After carefully reviewing this record, we are satisfied that there is no genuine issue as to any material fact with respect to the issues before us. Thus, respondent is entitled to a partial summary adjudication as a matter of law. Respondent's motion for partial summary judgment will be granted. An appropriate order will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "Otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views at the hearing on March 4, 1981.
2. All references to a "Rule" are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. An appeal in this case after entry of decision would be to the Court of Appeals for the Tenth Circuit.↩
5. See also Cole v. Commissioner, T.C. Memo. 1981-48; Gran v. Commissioner, T.C. Memo. 1980-558; Corcoran v. Commissioner, T.C. Memo. 1980-546; Morgan v. Commissioner, T.C. Memo. 1978-401; and Johnston v. Commissioner, T.C. Memo. 1978-121↩.