JOHN J. SUNDHEIM AND JANICE A. SUNDHEIM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sundheim v. Commissioner
Docket No. 10766-77.
United States Tax Court
T.C. Memo 1981-139; 1981 Tax Ct. Memo LEXIS 606; 41 T.C.M. (CCH) 1151; T.C.M. (RIA) 81139; March 25, 1981. Francis J. Elward, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak for trial or other disposition pursuant to the provisions of section 7456(c), Internal Revenue Code, including hearing had ruling on respondent's motion for partial summary judgment filed herein. After a review of the record we agree with and adopt his opinion which is set forth below. [1]
*607 OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is presently before the Court on respondent's motion for partial summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2] The motion was heard at the Motions Session on March 4, 1981. Petitioners are represented by two attorneys. There was no appearance by or on behalf of petitioners, nor has the Court received from them any response to the motion. Respondent appeared by his counsel and argued in support of his motion. At the conclusion of the hearing the motion was taken under advisement. Respondent, in his notice of deficiency issued to petitioners on August 23, 1977, determined a deficiency in petitioners' Federal income tax for the year 1974 in the amount of $ 8,848, together with an addition to tax under section 6653(a) [3] in the amount of $ 442. Respondent's deficiencies are based primarily on petitioners' failure to report as income certain amounts reported by the John J. Sundheim Family Equity Trust, related adjustments, and the claimed deduction *608 of $ 5,250 reported on petitioners' return as "Educational Endowment to Maintain & Conserve Assets." The sole issue raised by respondent's motion is whether petitioners are entitled to deduct the $ 5,250 paid n 1974 for materials and services relating to a family trust. Respondent's motion is supported by an affidavit. The affidavit states that it is undisputed by the parties that the $ 5,250 deducted by petitioners was the cost of acquiring materials from Educational Scientific Publishers, Inc. to establish a family trust, to allow petitioners to attend seminars on the use of the trust, and to cover legal representation in the event the Internal Revenue Service disallowed the validity of the trust for tax purposes. Respondent also supported his motion with copies of the return filed by petitioners and the return filed by the John J. Sundheim Family Equity Trust. Under Rule 121 a partial summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, *609 show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(d) provides in pertinent part: When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him. Rule 121(d) is derived almost verbatim from Rule 56(e) of the Federal Rules of Civil Procedure. (60 T.C. 1128). Under Rule 56(e) the Tenth Circuit has held that where one party supports its motion for summary judgment with documents, depositions or affidavits, the opposing party may not rest on the mere allegations of his pleadings but must respond with specific facts showing a genuine issue for trial. Whitfield v. Gangas, 507 F.2d 880 (10th Cir. 1974); Gates v. Ford Motor Company, 494 F.2d 458 (10th Cir. 1974); Brown v. Ford Motor Company, 494 F.2d 418 (10th Cir. 1974). *610 Since the opposing party failed to do so, the Tenth Circuit sustained the summary judgments entered in those cases. [4]
Petitioners have failed to respond by affidavits or otherwise to respondent's motion. In view of petitioners' utter failure to submit any information which would contradict the statements made by respondent with respect to the deduction in question, we find no genuine issue of material fact remains in dispute. Therefore, partial summary judgment is a proper procedure to apply in this case. See Callow v. Commissioner, T.C. Memo. 1980-271, on appeal (10th Cir., October 24, 1980); Callow v. Commissioner, T.C. Memo. 1980-272, on appeal (10th Cir., October 23, 1980). See also, United States v. Bingham, 78-1 USTC P9368, 41 AFTR2d 78-1123 (D. Conn. 1978); cf. Farber v. Commissioner, T.C. Memo. 1981-57. Based on our review of this record, petitioners made a payment to Educational Scientific Publishers, Inc. identical in nature to the similar payments recently considered and ruled upon by *611 this Court in Contini v. Commissioner, 76 T.C. No. 37 (March 19, 1981). [5] We held that such payments were nondeductible personal expenses. Petitioners have advanced no reason why their expenses should be deductible other than the allegations set forth in their petition and those allegations have been rejected repeatedly by this Court. Accordingly, we conclude that petitioners' payment to Educational Scientific Publishers, Inc. is a nondeductible personal expense under section 262. After carefully reviewing this record, we are satisfied that there is no genuine issue as to any material fact with respect to the issue before us. Thus, respondent is entitled to a partial summary adjudication as a matter of law. Respondent's motion for partial summary judgment will be granted. An appropriate order will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authorty of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views at the hearing on March 4, 1981.
2. All references to a Rule are to the Tax Court Rules of Practice and Procedure, unles otherwise indicated.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. An appeal in this case after entry of decision would be to the Court of Appeals for the Tenth Circuit.↩
5. See also Cole v. Commissioner, T.C. Memo. 1981-48; Gran v. Commissioner, T.C. Memo. 1980-558; Corcoran v. Commissioner, T.C. Memo. 1980-546; Morgan v. Commissioner, T.C. Memo. 1978-401; and Johnston v. Commissioner, T.C. Memo. 1978-121↩.