Zenobia E. **HURLEY**, Plaintiff-Appellant,

v.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY,** Defendant-Appellee.

No. 79–1954.

United States Court of Appeals, Tenth Circuit.

Argued March 20, 1981.

Decided May 7, 1981.

Rehearing Denied June 8, 1981.

---

Eugene E. Klecan of Klecan & Roach, P. A., Albuquerque, N. M., for plaintiff-appellant (Janet Santillanes of Klecan & Roach, P. A., Albuquerque, N. M., with him on the brief), for plaintiff-appellant.

Leonard G. Espinosa of Moses, Dunn, Beckley, Espinosa & Tuthill, Albuquerque, N. M., for defendant-appellee.

Before SETH, Chief Judge, DOYLE, Circuit Judge and THOMPSON, District Judge.*

* Honorable Ralph G. Thompson, United States District Judge for the Western District of Oklahoma, sitting by designation.

RALPH G. THOMPSON, District Judge.

Plaintiff commenced this diversity action seeking to recover damages allegedly resulting from defendant's issuance of a policy of title insurance. The trial court treated the defendant's Motion to Dismiss as a Motion for Summary Judgment and granted summary judgment in favor of the defendant. Plaintiff now seeks review of the summary judgment entered against her.

Plaintiff's Amended Complaint before the trial court alleged six counts upon which plaintiff sought to impose liability on the defendant. The legal theories advanced by plaintiff were estoppel, slander of title, fraud, negligent misrepresentation, false advertising, and negligence. The undisputed facts of this action are as follows: On December 13, 1977, Dr. Lloyd Hurley purchased commercial property known as Tobruk Stables. This purchase was undertaken without the knowledge of, or notice to, his wife Zenobia Hurley, the plaintiff and appellant herein. To consummate the purchase transaction Dr. Hurley secured a loan from the First National Bank in Albuquerque and gave the bank a mortgage upon the property in return. Dr. Hurley did not obtain a separate property agreement from his wife even though he conducted the transaction as "a married man trading in his sole and separate estate." As a part of the transaction, Commonwealth Title Insurance Company issued a policy of title insurance which described the estate acquired by Dr. Hurley as being fee simple vested in "Lloyd A. Hurley, a married man, as his sole and separate estate." The next day, December 14, 1977, Dr. Hurley filed for divorce. In the divorce proceedings it was determined that title to the commercial property was vested in the community and the mortgage given by Dr. Hurley was a community obligation. This determination is presently on appeal to the Supreme Court of New Mexico.

If the Supreme Court of New Mexico ultimately determines that Tobruk Stables

is the separate property of Dr. Hurley and not a part of the community property, the plaintiff will have no interest therein, N.M. S.A. (1978) § 40–3–3, and no obligation on the mortgage, *Atlas Corporation v. De Villiers*, 447 F.2d 799 (10th Cir. 1971). The result of such a determination would be that the plaintiff could not possibly have been harmed by the defendant's acts. Thus, the remainder of the Court's opinion assumes, for the sake of argument, that Tobruk Stables is community property.

While plaintiff has advanced several different legal theories in support of her claim, the gist of her action is that she has incurred liability upon a purchase money mortgage for the sole reason that the defendant issued a policy of title insurance covering the fee simple estate to Tobruk Stables vested in Lloyd A. Hurley, a married man, as his sole and separate estate when, in fact, the defendant knew the title would vest in the community. The narrow question presented for review here is whether the pleadings, depositions, affidavits, exhibits, and admissions taken together establish the existence of issues of material fact. *Whitfield v. Gangas*, 507 F.2d 880 (10th Cir. 1974). In making this determination, it is necessary to examine the characteristics and circumstances of the purchase money mortgage obligation the plaintiff claims has been imposed upon her.

This obligation is the result of a legal presumption that property acquired during marriage, by either husband or wife, is community property. N.M.S.A. (1978) § 40–3–12. While plaintiff has been judicially determined to be equally responsible for the obligations on Tobruk Stables, an integral part of this determination is that she has been granted a one-half interest therein and the property has been ordered to be sold (R.193). Additionally, the First National Bank in Albuquerque did not consider the plaintiff's resources in determining the mortgage's risk and did not intend to look to those resources to secure the payment thereof (R.75). Finally, there is nothing in the record to indicate that the plaintiff has received any demand for payment upon the obligation, that Tobruk Sta-

bles has been sold leaving a deficit owed on the mortgage, that the existence of the obligation has impaired plaintiff's ability to obtain credit, or that she has been damaged in any other way as a result of the existence of the mortgage. While there is a factual dispute in the pleadings concerning the actual value of Tobruk Stables, a determination that the outstanding mortgage obligation is either greater than, or less than, the actual value of the property will not materially advance the resolution of the question of whether the plaintiff has actually been damaged. In short, even though the plaintiff has been determined to be legally liable for the purchase money mortgage, there is nothing in the record to indicate that she has become liable in fact, or otherwise injured. At this point, her situation is somewhat analogous to that of a guarantor on a note upon which there has been no default. Whether the defendant is liable to plaintiff for in some manner causing plaintiff's potential mortgage liability is a question that can not be answered at this time. The pleadings, depositions, affidavits, exhibits, and admissions, when taken together, wholly fail to establish any inference that the plaintiff has suffered, or is currently suffering, any injury as a result of the defendant's allegedly wrongful act. If it were determined that the defendant is liable to plaintiff, the nature and extent of the plaintiff's injuries are incapable of determination at this time. Without finding it necessary to reach the various arguments advanced by the parties concerning duty, reliance, intent and estoppel, it is the conclusion of this Court that the plaintiff's claims are simply not ripe for adjudication.

Accordingly, and for the reasons expressed herein, the trial court's dismissal of this action is hereby

AFFIRMED.