ALAN H. HOELZER AND LINDA HOELZER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoelzer v. Commissioner
Docket No. 16936-79.
United States Tax Court
T.C. Memo 1982-6; 1982 Tax Ct. Memo LEXIS 736; 43 T.C.M. (CCH) 264; T.C.M. (RIA) 82006; January 11, 1982. Joseph W. Weigel, for the petitioners. Edward G. Langer, for the respondent. EKMAN
MEMORANDUM FINDINGS OF FACT AND OPINION EKMAN, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the years 1975, 1976, and 1977 and additions to tax under section 6653(a), I.R.C. 1954, in the following amounts: YEAR
DEFICIENCY
SEC. 6653(a)
1975
$ 346.00
$ 17.00
1976
$ 2,511.00
$ 125.55
1977
$ 3,748.00
$ 187.40
The issues for decision are: (1) whether the Alan Hoelzer Family Equity Trust (the Trust) properly reported as taxable income wages paid to petitioners Alan and Linda Hoelzer; (2) whether rental income received and deductions taken by the Trust with respect to certain properties it held are properly attributable to petitioners; (3) whether petitioners *739 are entitled to deduct under section 212 certain amounts paid for financial materials and tax and investment advice; and (4) whether petitioners are liable for an addition to tax due to negligence under section 6653(a). Issues 1 and 2 are before this Court on respondent's Motion for Partial Summary Judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure. Respondent supported his motion with an affidavit, attached to which were: his request for admission which was deemed admitted pursuant to Rule 90(c), Tax Court Rules of Practice and Procedure, copies of petitioners' income tax returns for 1975, 1976, and 1977, the "Declaration of Trust" for the Trust, the minutes of the first and second meetings of the Board of Trustees of the Trust, an affidavit of Linda Hoelzer, a receipt for property held in trust, and certificates of beneficial interest in the Trust. Petitioners submitted a memorandum in opposition to respondent's motion, but failed to introduce affidavits, interrogatories, depositions or other materials acceptable under Rule 121, Tax Court Rules of Practice and Procedure.
In ruling on respondent's motion we have examined the above materials and have considered *740 the parties' arguments, both oral and written, on the motion heard March 2, 1981. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Alan H. and Linda Hoelzer resided in Milwaukee, Wisconsin when they filed their petition herein. On their amended return for 1975, filed in 1977, they took as a deduction $ 2,000 paid for "educational endowment and materials to maintain and conserve assets." Respondent disallowed the entire deduction in his statutory notice of deficiency. Alan and Linda paid the $ 2,000 to Educational Scientific Publishers (ESP) in 1975 for tax, investment and financial planning books and booklets, forms relating to the establishment and maintenance of a trust, and 50 to 60 hours of instruction from one Trudy Mackenzie. Then, in August 1975, they executed documents supplied by ESP to create the Alan H. Hoelzer Family Equity Trust (the Trust). Petitioners conveyed to the Trust various assets, including residential rental property, their family home, personal belongings, and exclusive rights to their lifetime *741 services and income. Petitioners were trustees of the Trust, and Alan served as its executive manager and Linda as its secretary. They kept careful books and records of the Trust income and expenses. The Trust purchased nine rental units in addition to those originally conveyed to it. Petitioners and their son were the sole beneficiaries of the Trust. Petitioners received assistance in 1976 and 1977 in preparing their income tax returns from an accountant who signed as preparer of their amended 1975 personal return, their timely 1976 and 1977 personal returns, and the returns of the Trust. OPINION 1. Respondent's Motion for Partial Summary Judgment. Under Rule 121, Tax Court Rules of Practice and Procedure, a partial summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b), Tax Court Rules of Practice and Proceudre. The party opposing the motion cannot rest upon the allegations or denials of his pleadings, but must *742 "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d), Tax Court Rules of Practice and Procedure. However, the examining court must construe the facts before it in a manner most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654 (1962). [1]
We have reviewed the entire pre-trial record, including respondent's motion, affidavit and other materials, and petitioners' memorandum in opposition, and we have construed the facts *743 therein in the manner most favorable to petitioners, the non-moving parties. [2]
Petitioners insist that there remain on the record genuine issues of fact which must be resolved at trial. However, they have failed to introduce any materials which tend to show that those issues are, in fact, contested. For instance, they claim that whether Alan Hoelzer became a trustee is a question of fact. However, they have introduced no materials to confute the admissions and minutes from the first meeting of the Board of Trustees which are part of the record and which state that Alan Hoelzer became a trustee shortly after he created the Trust. [3] When, as here, respondent has supported his motion for summary judgment with documents, depositions or affidavits, petitioners must oppose the motion with specific facts showing a genuine issue exists for trial. See Whitfield v. Gangas, 507 F.2d 880 (10th Cir. 1974), and Gates v. Ford Motor Company, 494 F.2d 458 (10th Cir. 1974) (interpreting the requirements of Rule 56(e), Federal Rules of Civil Procedure *744 , from which Rule 121(d), Tax Court Rules of Practice and Procedure, is derived (60 T.C. 1128)). Petitioners have not done so, and on the record we conclude that there are no genuine issues of material fact to be resolved at trial. Thus, a decision may be rendered as a matter of law. Respondent maintains that his motion for summary judgment may be granted on any of three legal theories. He asserts first, that the Trust is a sham and should not be recognized for Federal income tax purposes, second, that petitioners made an anticipatory assignment to the Trust of their earned income, which income is properly taxable to them, and third, that petitioners are the owners of the Trust within the meaning of sections 671 to 677. We agree *745 with respondent that petitioners made an anticipatory assignment of income to the Trust, and that they are the owners of the Trust under sections 671 to 677. [4]
A fundamental principle underlying our tax laws is that income is taxed to him who earns it. Commissioner v. Culbertson, 337 U.S. 733, 739-740 (1949). Thus, a person cannot avoid taxation on his income by anticipatorily assigning it to someone else. Lucas v. Earl, 281 U.S. 111 (1930); United States v. Basye, 410 U.S. 441 (1973). Petitioners sought to avoid taxation on income they earned by establishing the Trust and assigning their income to it. Although petitioners, by affidavit and in the "Declaration of Trust of this Pure Trust", purported to convey to the Trust the exclusive use of their lifetime services, they nonetheless continued personal employment relationships with their existing employers. Their W-2 forms show that they, not *746 the Trust, were paid for their services. Their Forms 1040 show that they reported their earned income first as adjusted gross income, then reduced it by deductions for payments they had made to the Trust. Under circumstances indistinguishable from the facts before us, we and other courts have held that taxpayers are taxable on their full salaries under assignment of income principles. Gran v. Commissioner,     F.2d     (8th Cir., Nov. 23, 1981, 81-2 USTC par. 9796, 48 AFTR 2d par. 81-6179), affg. a Memorandum Opinion of this Court; Vnuk v. Commissioner, 621 F.2d 1318, 1320-1321 (8th Cir. 1980), affg. a Memorandum Opinion of this Court; Horvat v. Commissioner, 582 F.2d 1282 (7th Cir. 1978), affg. a Memorandum Opinion of this Court, cert. denied 440 U.S. 959 (1979); Vercio v. Commissioner, 73 T.C. 1246, 1254 (1980); Wesenberg v. Commissioner, 69 T.C. 1005, 1011 (1978). [5] This case will be added to that list. *747 The Federal income tax law also provides that a person who is considered the "owner" of a trust will be treated as having paid or received items of income, deduction or credit which were actually paid or received by the trust. Section 671.In this case, petitioners' Trust received rental income and paid expenses on certain rental properties it owned. However, petitioner Alan Hoelzer is considered the "owner" of the Trust because he and his wife had the authority to distribute trust income to the grantor and the grantor's spouse (i.e., to themselves) without the approval or consent of an adverse party. [6] Section 677. Thus, pursuant to section 671, he is attributed with the Trust rental income and expenses.
Because we have found that no genuine issues of material fact are in dispute, and because the foregoing legal analyses show that petitioners are prperly to be attributed with the wages, rental income, and deductions taken by the Trust, we conclude that respondent *748 is entitled to a partial summary adjudication as a matter of law. 2. Section 212 Expenses for Production of Income. Petitioners seek to deduct $ 2,000 paid to Educational Scientific Publishers as an expense under section 212(1) for the production or collection of income, under section 212(2) for the management, conservation, or maintenance of property held for the production of income, or under section 212(3) for the determination of taxes. They have the burden of proving their entitlement to this deduction. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
The deduction provided by section 212 is limited in application. Petitioners are not entitled to deduct expenses under section 212(1) or (2) if the expenses are nondeductible under section 262 as personal, living, or family expenses. Sections 1.211-1 and 1.212-1(e), Income Tax Regs. Nor are they entitled to a deduction under section 212(1) or section 212(2) if their expenditures related to property or property rights which did not exist or which they did not hold for the production of income when they made the expenditures.Section 1.212-1(g), Income *749 Tax Regs.; Contini v. Commissioner, 76 T.C. 447, 452 (1981); Frank v. Commissioner, 20 T.C. 511, 514 (1953); Beck v. Commissioner, 15 T.C. 642, 670 (1950), affd. per curiam 194 F.2d 537 (2d Cir. 1952), cert. denied 344 U.S. 821 (1952); Weinstein v. United States, 190 Ct.Cl. 437, 420 F.2d 700, 702 (1970). Respondent contends that petitioners are not entitled to deduct any part of the $ 2,000 they paid to ESP. He stresses that we have not been shown a cancelled check, and that without such a documentary record, the evidence is inadequate to support a finding that petitioners actually paid ESP. Respondent urges us to ignore petitioners' testimony that they paid ESP $ 2,000 by cashier's check. However, this testimony is uncontroverted and unchallenged. Moreover, petitioners introduced into evidence various printed documents and forms bearing the ESP logo. We find it unlikely that petitioners were provided these materials free of charge. We note that in other cases before this Court, respondent concedes that taxpayer have paid ESP upwards of $ 5,300 for advice and materials substantially *750 equivalent to those received by petitioners herein. [7] On this record, we find that petitioners paid $ 2,000 to ESP. Respondent next asserts that, whether or not petitioners paid ESP, they are not entitled to a deduction because the $ 2,000 was paid for items of a personal, nondeductible nature. We agree. First, we note from the record that petitioners made separate payments to the accountant who prepared their tax returns, and deducted these payments as being for "tax work." From this it would seem that no part of the $ 2,000 paid by petitioners to ESP related to the preparation of tax returns. Although petitioners testified that they received 50 to 60 hours of instruction from ESP relating, in part, to tax matters, their testimony was vague and couched in general terms which failed to furnish any basis for allocating part of the fee they paid to deductible tax advice. Second, petitioners transferred many assets to the Trust which were of a personal, not of an investment, nature. In Contini v. Commissioner, supra, *751 we held that the taxpayers were not entitled to deduct a fee paid to ESP for advice and materials relating only to the transfer in trust of their family home, personal belongings, and lifetime services. See also Horvat v. Commissioner, supra; Vercio v. Commissioner, supra.Although the record before us indicates that petitioners transferred to the Trust rental property, as well as personal assets such as were transferred in Contini, it does not indicate that petitioners received advice from ESP specifically relating to the rental properties. Instead, it appears that petitioners received no more than generalized instructions to transfer all assets to the Trust, and there is no evidence of probative value to show that they received any investment advice with respect to rental properties, or how much of the fee, if any, pertained to such advice, if indeed any was received. Accordingly, we hold that petitioners have failed to sustain their burden of proof on this issue, and that respondent's disallowance of a deduction for their $ 2,000 payment to ESP will be sustained. 3. Negligence. Respondent asserts that petitioners are liable *752 for an addition to tax due to negligence or intentional disregard of rules and regulations. Section 6653(a). Petitioners have the burden of proving that they were not negligent. Rule 142(a), Tax Court Rules of Practice and Procedure. We find that they have sustained that burden. When a taxpayer makes an error due to his good faith reliance on an accountant or attorney, we have held that respondent should not assert the addition to tax for negligence. Otis v. Commissioner, 73 T.C. 671 (1980); Industrial Valley Bank & Trust Co. v. Commissioner, 66 T.C. 272 (1976); Conlorez Corporation v. Commissioner, 51 T.C. 467 (1968); Moorman v. Commissioner, 26 T.C. 666 (1956). Petitioners consulted an accountant with respect to their tax returns for 1976, 1977, and for 1975, as amended, and those of the Trust for 1976 and 1977. They kept detailed, careful records of the Trust activities, [8] and did not hide any information from their preparer. [9] This is not a case where the taxpayers were astute businesspersons who should have been aware that the advice given was faulty. [10] Based on the particular circumstances revealed *753 by the record herein, we hold that petitioners are not liable for an addition to tax under section 6653(a) due to negligence and intentional disregard. However, we note that we may reach a contrary result in future cases involving similar circumstances, in view of the numerous decisions adverse to taxpayers which have been handed down by this and other courts subsequent to the years involved herein regarding the tax consequences of "family trusts." *754 Decision will be entered under Rule 155, and an appropriate order will be issued. Footnotes
1. The Supreme Court in United States v. Diebold, Inc., 369 U.S. 654 (1962), was interpreting Rule 56 of the Federal Rules of Civil Procedure (F.R.C.P.). Rule 121 of the Tax Court Rules of Practice and Procedure is derived almost verbatim from Rule 56 of the F.R.C.P.60 T.C. 1126-1129. Thus, we interpret the Tax Court Rules consistently with their F.R.C.P. counterparts. See, e.g., Sundheim v. Commissioner, T.C. Memo. 1981-139; Raemer v. Commissioner, T.C. Memo. 1981-138. Compare Rule 1, Tax Court Rules of Practice and Procedure.↩
2. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., supra↩ at 655.
3. As another example, they claim that whether the Trust or petitioners controlled certain earned income is a contested issue. However, they have produced no evidence to explain the W-2 forms which show that wages were paid to petitioners, not to the Trust, or the Forms 1040, on which petitioners reported their compensation as gross income before deducting a substantial portion as payments made to the Trust as "contract nominee income."↩
4. Since these conclusions compel us to attribute all income and expenses of the Trust to petitioners as a matter of law, we do not address respondent's theory that the Trust is a sham and should be disregarded for tax purposes.↩
5. See also Broncatti v. Commissioner, T.C. Memo. 1981-452; Bolter v. Commissioner, T.C. Memo. 1981-378; Cooper v. Commissioner, T.C. Memo. 1981-369; Palmer v. Commissioner, T.C. Memo. 1981-354; Thelen v. Commissioner, T.C. Memo. 1981-302; Wenger v. Commissioner, T.C. Memo. 1981-266; Donovan v. Commissioner, T.C. Memo. 1981-150; Nelis v. Commissioner, T.C. Memo. 1979-42↩.
6. Alan and Linda Hoelzer are not considered adverse parties. Vercio v. Commissioner, 73 T.C. 1246, 1257-1259 (1980). See also Broncatti v. Commissioner, supra↩, note 5.
7. See, e.g., Raemer v. Commissioner, T.C. Memo. 1981-138 ($ 3,500 paid); Sundheim v. Commissioner, T.C. Memo. 1981-139↩ ($ 5,250 paid).
8. For cases where lax bookkeeping has resulted in imposition of the negligence addition, see, e.g., Smith v. Commissioner, 66 T.C. 622, 651 (1976); Harrison v. Commissioner, 62 T.C. 524, 535 (1974); Marcello v. Commissioner, 43 T.C. 168, 182 (1964); Delaney v. Commissioner, T.C. Memo. 1961-310↩. 9. For cases where failure to disclose information has justified imposition of the negligence addition, see, e.g., Ma-Tran Corp. v. Commissioner, 70 T.C. 158, 173 (1978); Pessin v. Commissioner, 59 T.C. 473, 489 (1972); Enoch v. Commissioner, 570 T.C. 781, 802↩ (1972). 10. Petitioners were an assemblyman and a switchboard operator. For cases where persons were found liable for imposition of the negligence addition due to their business experience, see, e.g., Henry Schwartz Corp. v. Commissioner, 60 T.C. 728, 740 (1973); Vnuk v. Commissioner, T.C. Memo. 1979-164, affd. 621 F.2d 1318, 1320-1321↩ (8th Cir. 1980).