RICHARD W. LIVELY and VERONICA LIVELY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lively v. Commissioner
Docket No. 22233-80.
United States Tax Court
T.C. Memo 1982-590; 1982 Tax Ct. Memo LEXIS 157; 44 T.C.M. (CCH) 1351; T.C.M. (RIA) 82590; October 6, 1982. Thomas J. Carley, for the petitioners. Rona Klein, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $6,173.00 and an addition to tax of $308.65 in petitioners' 1977 Federal income tax. The issues are whether (1) wages are income and (2) any part of petitioners' underpayment was due to negligence. This case is before us on respondent's motion for summary judgment as to the deficiency and the addition to tax. All the facts are stipulated to or are deemed admitted pursuant to an order of this Court dated April 23, 1982. Petitioners, Richard W. Lively and Veronica Lively, resided in Mandan, N.Dak., when they filed their petition herein. *158 Petitioner Richard Lively received wages in 1977, as reflected in W-2 Forms from three different corporations totaling $30,659.65. On their 1977 Federal income tax return, petitioners included this amount in their gross income. Petitioners also claimed a variety of deductions totaling $23,442. In his notice of deficiency, respondent disallowed the claimed deductions. He also asserted an addition to tax under section 6653(a) [1] for negligence. Petitioners do not dispute the disallowed deductions. In any event, they presented absolutely no evidence to support these deductions. Petitioners claim, however, that compensation received in exchange for labor is not subject to Federal income tax. They reason that there is no way to measure "income" and therefore, it is not subject to tax. We disagree. Section 61(a)(1) specifically includes compensation for services within the meaning of income. See also sec. 1.61-2(a), Income Tax Regs. The courts have consistently held that income subject to Federal taxation includes compensation for services. Commissioner v. Duberstein,363 U.S. 278 (1960); *159 United States v. Buras,633 F.2d 1356 (9th Cir. 1980). [2] While the tax laws do not purport to answer all questions, nothing is clearer than the proposition that wages are income. [3]
Petitioners bear the burden of proof that any underpayment of tax was not due to negligence. Enoch v. Commissioner,57 T.C. 781 (1972). Petitioners offered no evidence on this issue. Moreover, petitioners' frivolous claim that compensation is not subject to tax is insufficient to rebut respondent's assertion of negligence. We sustain the addition to tax. As we are presented with no genuine issue as to any material fact, Rule 121(b), Tax Court Rules of Practice and Procedure, we hold respondent is entitled to summary judgment on all issues. Accordingly, An appropriate *160 order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. See also Hebrank v. Commissioner,T.C. Memo. 1982-496; Lopez v. Commissioner,T.C. Memo. 1982-7↩. 3. At trial, petitioners' motion for summary judgment alleging the Federal income tax is unconstitutional was denied. Petitioners' frivolous constitutional claims are totally without merit. See Wilkinson v. Commissioner,71 T.C. 633↩ (1979).