**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHAD BAILEY LIPPINCOTT, a minor,
by and through his duly appointed
Conservator, Ms. Cathy Sears, Trust
Officer, First Interstate Bank of Casper,

     Plaintiff-Appellant,

     v.

STATE INDUSTRIES, a Tennessee
Corporation; SERVISTAR/COAST TO
COAST, a Pennsylvania Corporation,

     Defendants-Appellees.

No. 97-8003
(D.C. No. 95-CV-172)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

---

     Melissa and Clay Lippincott brought this diversity action on behalf of their minor

son, Chad Lippincott (plaintiff or Chad), alleging strict liability on the part of defendant

---

     [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

State Industries[1] in the design and manufacture of a water heater. Chad suffered scald burns after his mother left him unattended in a bathtub with his sister. Plaintiff claims that the water heater was defective and unreasonably dangerous and the proximate cause of Chad's injuries. The district court granted defendant's motion for judgment as a matter of law at the close of plaintiff's case on the issues of warning and punitive damages. Only the defective product issue remained for the jury, which returned a verdict for defendant.

Plaintiff contends that the district court erred in (1) entering judgment as a matter of law on the failure to warn claim, (2) refusing to qualify Gale Kenney as an expert witness, and (3) that defense counsel committed prejudicial misconduct by referring to the qualifications and opinions of an expert the defense did not produce as a witness.

The case arose after Mrs. Lippincott prepared a bath for her children, placed them in the tub and left the room. Her 2½-year-old daughter climbed out of the bathtub and turned on the hot water. Fifteen-month-old Chad suffered second- and third-degree scald burns on thirty to forty percent of his body. He will need surgery throughout his growth years and perhaps as an adult.

---

[1] The Lippincotts dismissed their individual claims with prejudice before trial and the district court appointed a conservator for purposes of this action. The parties stipulated to the dismissal of Servistar/Coast to Coast which had also been named a defendant in the suit.

The water heater at the Lippincotts' rented home had "warm" and "hot" settings without temperature designations. At the time of the incident the dial was on "hot" and in later tests produced water at 148-176 degrees. The water heater did not warn of the risk of scald burns.

I

Plaintiff first argues that the district court erred in entering judgment in favor of defendant as a matter of law on the failure to warn claim. We review de novo the entry of judgment under Fed. R. Civ. P. 50, applying the same standard as the district court. Fry v. Board of County Commissioners, 7 F.3d 936, 938 (10th Cir. 1993). We determine if the record contains enough evidence upon which the jury could return a verdict for plaintiffs. Id.

Plaintiff asserts that the water heater was defective because it could heat water to dangerously high temperatures and did not warn of this danger. Wyoming recognizes strict liability in tort and has adopted the Restatement (Second), Torts § 402A. Ogle v. Caterpillar Tractor Co., 716 P.2d 334, 341-42 (Wyo. 1986) (listing elements in Restatement). A plaintiff must show proximate cause to prevail on a strict liability claim. Waggoner v. General Motors Corp., 771 P.2d 1195, 1204 (Wyo. 1989). Plaintiff could only recover, therefore, by establishing both a defect in the water heater and that the defect caused Chad's injuries.

The Lippincotts, their landlord, and relatives testified, but apparently none had inspected, looked at, or read any literature about the water heater before Chad was injured. Plaintiff could not establish who adjusted the temperature setting or when, but presented evidence the water heater produced water that was very hot. The Lippincotts acknowledged awareness that dangerously hot water could cause serious injury but had never adjusted the water heater temperature setting despite living in the home for approximately eighteen months. Mrs. Lippincott acknowledged consistently checking the bath water temperature before bathing her children.

The district court concluded that plaintiff had not established that the proximate cause of Chad's injuries was the failure to warn. We agree with the district court's analysis that the record would not have supported a jury verdict in favor of plaintiff on the failure to warn claim. Cf. Daniel v. Ben E. Keith Co., 97 F.3d 1329, 1332-33 (10th Cir. 1996) (under Oklahoma law, rebuttable presumption that adequate warning would have been heeded disappears if evidence establishes user did not read label).

II

Plaintiff next argues that the district court abused its discretion in refusing to qualify an expert witness, Gale Kenney, under Fed. R. Evid. 702.[2] A court has broad

---

[2] That rule provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702.

discretion in allowing expert testimony.  General Electric Co. v. Joiner, 118 S. Ct. 512, 515 (1997); see Compton v. Subaru of America, Inc., 82 F.3d 1513, 1520 (10th Cir.), cert. denied, 117 S. Ct. 611 (1996).  It must determine whether expert testimony would assist the trier of fact and whether the expert is qualified to offer an opinion.  See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591-92 (1993) (whether expert testimony would assist trier of fact is fundamentally a question of relevance).

Plaintiff offered Kenney's testimony as a safety expert to show that the water heater was defective in design and in its lack of warning.  The substance of his testimony would have been that the water heater produced dangerously hot water and should have had safety devices such as a detent control switch or mixing valve,[3] and an instruction for users as to safe temperature settings, or otherwise warned of danger.  He acknowledged that no industry standards required mixing valves, and that he relied on no national standards in forming his opinion that the water heater was defective or that it produced water at unsafe temperatures.  He cited no scientific authority or experts in related fields who shared his opinion.  Because we have upheld the district court's order dismissing the failure to warn claim, Kenney's testimony would have been relevant only to the design defect claim.

---

[3]  A detent control switch would discourage users from raising the temperature setting.  Mixing valves deliver water at a lower temperature than that to which it is actually heated.

The district court ruled that not only did Kenney lack "the requisite knowledge, training and experience to offer an opinion [under] Rule 702, [but] furthermore, and more importantly, none of the opinions he would offer would be helpful to the trier of the facts and [would] invade the province of the jury without just cause." Appellant's App. 152. The jury did not need expert testimony to help them determine that hot water was dangerous; the risk to an unattended child was open and obvious to the ordinary user. Kenney voiced strong opinions regarding remedial measures that would lower the risk of scald burns, but he offered no factual basis to show the Lippincotts' own water heater was defective. He essentially opined that it was defective because it could be safer. However, manufacturers need not create products that are safe under every conceivable circumstance or from causing every possible injury. See Gates v. Ford Motor Co., 494 F.2d 458, 460 (10th Cir. 1974).

We agree with the district court that Kenney's testimony would not have assisted the jury and that the failure to qualify him as an expert was not an abuse of discretion.

### III

Finally plaintiff argues that defense counsel committed misconduct by mentioning during closing argument the qualifications and opinions of Dr. Eli Newberger, an expert defense witness it did not call to testify. Plaintiff did not object or include this issue in a motion for new trial. We generally do not review issues raised for the first time on appeal. See Angelo v. Armstrong World Incus., Inc., 11 F.3d 957, 962 (10th Cir. 1993)

(objection ultimately raised in new trial motion; refusing to review because fairness of trial not threatened).

Even addressing the merits, we must hold the district court did not err. Questions regarding the propriety of counsel's comments on the failure to produce a witness are left to the discretion of the district court. See Wilson v. Merrell Dow Pharm., Inc., 893 F.2d 1149, 1150-52 (10th Cir. 1990) (concluding that when witnesses are equally available to both parties, both sides could infer the missing witness would be adverse to the other and comment accordingly in closing argument). Plaintiff must show prejudice caused by the attorney misconduct to prevail on a request for a new trial. Angelo, 11 F.3d at 962.

Defendant only listed Newberger as a possible witness. Newberger apparently would have stated that Chad's injury probably resulted from forced immersion and not because of design defect. Plaintiff's counsel mentioned Newberger in the course of examining plaintiff's own expert witness. The district court later dismissed all of plaintiff's allegations except the product defect issue. Plaintiff's counsel nonetheless mentioned Newberger in closing argument and defense counsel responded. Defense counsel's conduct was not prejudicial because it was tangential to the issue presented to the jury.

AFFIRMED. We deny plaintiff's motion to strike as moot.

Entered for the Court

James K. Logan
Circuit Judge

- 7 -