Charles D. KEMERER, Plaintiff,

v.

Horace DAVIS and Bay City Country
Club, Defendants.

Civ. No. 79–10239.

United States District Court,
E. D. Michigan, N. D.

Aug. 21, 1981.

Maurice Black, Saginaw, Mich., for plaintiff.

Peter F. Dahm, Lambert, Leser, Fitzhugh & Hebert, P. C., Bay City, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This action was filed by plaintiff, a Caucasian male of Italian extraction, to redress alleged violations of his civil rights relative to his employment and termination thereof by the defendants, the Bay City Country Club and Horace Davis, a Black male and manager of the club. The matter is before the Court on defendants' motion to dismiss and/or for summary judgment.

### I. Introduction

Plaintiff originally filed this action in pro per on October 11, 1979 alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII"). On November 15, 1979 Attorney Maurice Black filed an appearance on behalf of the plaintiff and on March 19, 1980, he filed an amended complaint which more fully described plaintiff's legal and factual claims.

Plaintiff alleges that from June 15, 1976 when he was hired as a security guard by the Bay City Country Club, until July 31, 1979 when he was terminated, that he was discriminated against by the Club's Black manager, Horace Davis. Plaintiff claims that Davis' favored Black employees over him in terms of salary, benefits, promotions, and work schedules. He also claims that the defendants practiced intentional discrimination in terminating his employment following a temporary leave of absence for surgery.

On November 21, 1980 this Court granted a motion for summary judgment in favor of

the defendants finding that the Bay City Country Club was specifically exempted from liability under Title VII as a "bona fide private membership club" under 42 U.S.C. § 2000e(b)(2). The Court, however, granted plaintiff's motion to amend his complaint to state a cause of action under the Civil Rights Act of 1866, 42 U.S.C. § 1981 (hereinafter "1981").

On December 16, 1980 plaintiff filed a second amended complaint which was nearly identical to his amended complaint, but which stated causes of action under 1981 and 1983. Defendants have moved to dismiss plaintiff's complaint and the Court is now prepared to rule on the motion.

Since the defendants have incorporated three earlier submitted affidavits in support of the present motion, the Court will again treat it as one for summary judgment. F.R.Civ.P. 12(b).

In resolving this matter two issues must be addressed by the Court:

1. Whether the plaintiff has stated a cause of action under 1983; and

2. Whether the same "bona fide private membership club" exemption found in Title VII operates to exempt defendants from liability under 1981.

For the reasons expressed below, the Court holds that it lacks jurisdiction over plaintiff's claims under 1983 and 1981 and therefore must dismiss plaintiff's second amended complaint.

## II. *Plaintiff's 1983 Claim*

■ The law is clear that the provisions of 1983 do not apply to purely private actions which have no relation to state law. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1971); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

Plaintiff's complaint alleges no facts which demonstrate the presence of state action in any form whatsoever. Accordingly, plaintiff's cause of action under 1983 is hereby DISMISSED.

## III. *Plaintiff's 1981 Claim*

In its Memorandum Opinion and Order of November 21, 1981 at 4, the Court noted that, "The questions of whether the same exemption for private clubs would bar plaintiff's action under 42 U.S.C. § 1981 as it did his action under Title VII or whether this new action would suffer from other infirmities are issues not now before the Court." Given plaintiff's second amended complaint, however, those are precisely the questions which are *now* before the Court.

■ The Civil Rights Act of 1866, 42 U.S.C. § 1981, provides in pertinent part that:

> All persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ...

As interpreted and applied by the Courts, this statutory provision does not require a showing of state action, *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); affords protection from racial discrimination to whites as well as non-whites, *McDonald v. Sante Fe Transportation Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); applies to discrimination in private employment, *Long v. Ford Motor Co.*, 496 F.2d 500 (C.A.6,1974); may be used to establish liability for employment discrimination against private individuals, *Mahone v. Waddle*, 564 F.2d 1018 (C.A. 3,1977), *cert. denied*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1977); and should be liberally construed and adopted. *Long v. Ford Motor Co., supra.*

■ At first blush therefore, it would appear that 1981 is applicable to a case such as this one wherein a White citizen alleges employment discrimination on the basis of race, against a Black citizen and the club of which he is an agent. On closer scrutiny, however, the Court is persuaded that Congress has impliedly exempted private clubs such as the Bay City Country Club from liability under 1981 by virtue of its enactment of Title VII.

Title VII prohibits employment discrimination on the basis of race, color, religion,

sex or national origin. 42 U.S.C. § 2000e–2. For purposes of Title VII, "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . ." 42 U.S.C. § 2000e(b). The Act, however, specifically provides that "a bona fide private membership club . . . which is exempt from taxation under Section 501(c) of Title 26 . . . shall not be considered [an] employer." 42 U.S.C. § 2000e(b)(2).

Several courts have recently held, in dealing with the similar private club provision found in Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(e),[1] that this private establishment exemption, explicitly written into the 1964 Act, supersedes and thus limits 1981 insofar as the statutes conflict. *Tillman v. Wheaton-Haven Recreational Assoc.*, 451 F.2d 1211 (C.A.4,1971), *reversed on other grounds*, 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Wright v. Salisbury Club Ltd.*, 479 F.Supp. 378 (E.D. Va.,1979), *reversed on other grounds*, 632 F.2d 309 (C.A.4,1980); *Cornelius v. Benevolent Protection Order of Elks*, 382 F.Supp. 1182 (D.Conn.,1974); *see also Perkins v. New Orleans Athletic Club*, 429 F.Supp. 661 (E.D.La.,1976); *Solomon v. Miami Woman's Club*, 359 F.Supp. 41 (S.D.Fla.,1973); *Sims v. Order of United Commercial Travelers of America*, 343 F.Supp. 112 (D.Mass.,1972); *see generally Note, Private Clubs Expressly Excepted From the Coverage of the Civil Rights Act of 1964 Constitute an Exemption From the Civil Rights Act of 1866*, 6 Ga.L.Rev. 813 (1972). While this Court has been unable to locate any authority dealing specifically with the private club exemption found in Title VII, it believes that the rationale for finding that the private club exemption of Title II limits the scope of 1981, applies with equal force to the similar exemption of Title VII, and the Court so holds.

The reasons that the private club exemptions of the 1964 Civil Rights Act must be read by implication into 1981 were well stated by the Court in *Cornelius v. Benevolent Protective Order of Elks*, 382 F.Supp. 1182, 1201 (D.Conn.,1974):

> First, [c]ourts may properly take into account . . . [a] later Act when asked to extend the reach of . . . [an] earlier Act's vague language to the limits which, read literally, the words might permit.
>
> Second, [t]he provisions of one statute which specifically focus on a particular problem will always, in the absence or express contrary legislative intent, be held to prevail over provisions of a different statute more general in its coverage. . . .
>
> Third, the legislative history of the 1964 Act supports a harmonization of the statutes. When Congress passed the 1964 Act, it believed it was enacting the first federal legislation prohibiting private discrimination . . .
>
> . . . Thus, the absence of express language in the 1964 Act limiting the 1866 Act is hardly evidence of an intention not to have that effect. (citations omitted).

The latter reason of the *Cornelius* Court was persuasively elaborated upon by the Court in *Wright v. Salisbury Club, Ltd.*, 479 F.Supp. 378, 386 (E.D.Va.,1979), *reversed on other grounds*, 632 F.2d 309 (C.A.4,1980):

> The third reason advanced by Judge Blumenfeld merits additional explanation. The recognized rule of statutory construction is that repeal by implication is not favored. *United States v. Borden Co.*, 308 U.S. 188, 198–99, 60 S.Ct. 182 [188], 84 L.Ed. 181 (1939). To support such a repeal, courts require that the two provisions be in irreconcilable conflict, and that the intent of the legislature be for repeal. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154–56, 96 S.Ct. 1989 [1993–94], 48 L.Ed.2d 540 (1976).
>
> If applied literally, 1981 would reach within private establishments protected by the 1964 Act; the two statutes, thus, are in conflict. But the legislative history of the Civil Rights Act of 1964 does not indicate that Congress intended to limit or repeal part of the Civil Rights

---

1. Title II prohibits discrimination in places of public accommodation. 42 U.S.C. § 2000a.

Act of 1886. In another case the absence of an express congressional intention to limit an earlier enactment might prove decisive; not so, however, in this instance. When Congress enacted the 1964 legislation, it did not and could not have known about the conflict with the 1866 Act. Indeed, not until 1968, four years after the 1964 Act became law, did the Supreme Court first determine that the Civil Rights Act of 1866 prohibited private as well as officially sanctioned discrimination. *Jones v. Mayer Co.*, 392 U.S. 409 [88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). Thus, the conflict between the two statutes was latent when Congress drafted the 1964 legislation, and the absence of express language in the 1964 Act limiting the 1866 Act is inconsequential.

This Court agrees with, and therefore adopts, the reasoning of the Courts in *Cornelius* and *Wright.*

In reversing the decision of the District Court in *Wright*, for the reason that the defendant was not truly a private club, the Fourth Circuit reserved judgment on this issue. It noted that:

The district court determined that the private club exemption of the Civil Rights Act of 1964, 42 U.S.C. 2000a(e), implicitly amended § 1981. The district court rested its conclusion in part on *Tillman v. Wheaton-Haven Recreation Assoc.*, 451 F.2d 1211 (4 Cir. 1971), *rev'd* 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973). Because we do not reach this issue, we do not pass upon the continued validity of this aspect of our decision in *Tillman.*

The Supreme Court has, on more than one occasion, specifically reserved this question. In *Tillman v. Wheaton-Haven Recreational Assoc.,* 410 U.S. 431, 438–439, 93 S.Ct. 1090, 1094–95, 35 L.Ed.2d 403 (1973), the Court held "it is not necessary in this case to consider the issue of any implied limitation on the sweep of 1982 when its application to a truly private club, within the meaning of 2000a(e), is under consideration." In *Runyon v. McCrary*, 427 U.S. 160, 172 n. 10, 96 S.Ct. 2586, 2595 n. 10, 49 L.Ed.2d 415 (1976), the Court again held that "these cases do not raise the issue of

whether the 'private club or other (private) establishment' exemption . . . of the Civil Rights Act of 1964, 42 U.S.C. 2000a(e), operates to narrow . . . the Civil Rights Act of 1866." *See also Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); *Daniel v. Paul*, 395 U.S. 298, 89 S.Ct. 1697, 23 L.Ed.2d 318 (1969).

While the Supreme Court has yet to address this question directly, this Court finds support for its ruling herein in Justice Stevens' description of the relationship between Title VII and 1981 in *New York City Transit Authority v. Beazer*, 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979), in which the Court upheld against Title VII and equal protection challenges a regulation of the transit authority prohibiting employment of methadone users. Speaking for the majority, Justice Stevens held that "our treatment of the Title VII claim also disposes of the 1981 claim without need of a remand. Although the exact applicability of that provision has not been decided by this Court, *it seems clear that it affords no greater substantive protection than Title VII.*" (emphasis added).

In one of its leading decisions outlining the scope of 1981, *Long v. Ford Motor Co.*, 496 F.2d 500 (C.A.6,1974), the Sixth Circuit has likewise reserved decision on the interrelationship of Title VII and 1981. In *Long* the Court held that, "Title VII . . . is not now before us. Except for the language quoted (from *Griggs v. Duke Power Co.*, 401 U.S. 424, 430–431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158) (1971)), we express no opinion as to the similarities between 1981 and Title VII." If and when the appellate court does express its opinion on this issue, this Court trusts that it will carefully consider the reasoning of *Cornelius* and *Wright, supra*, and the suggestion of the Supreme Court in *Beazer, supra.*

In its Memorandum Opinion and Order of November 21, 1980 at 3, dismissing plaintiff's cause of action under Title VII, the Court found that the Bay City Country Club "falls within the narrow (bona fide private membership) exemption found in 42 U.S.C. 2000e(b)(2) and is not subject to the provisions of the act." For the reasons previously cited in its earlier opinion, the

Court adheres to that conclusion for purposes of the present motion.

Accordingly, having concluded that private membership clubs are impliedly exempted from the provisions of 1981 by virtue of the explicit, conflicting and therefore superseding exemption of Title VII, and having found that the Bay City Country Club is such a "bona fide private membership club," plaintiff's cause of action against the Club must be DISMISSED for lack of jurisdiction. In addition, plaintiff's claims against defendant Horace Davis, whose liability arises from his position as an "agent" of the Club, 42 U.S.C. § 2000e(b), must likewise be DISMISSED.

IV. *Conclusion*

For all the foregoing reasons, defendants' motion for summary judgment is hereby GRANTED and this action is DISMISSED in its entirety. F.R.Civ.P. 56.

IT IS SO ORDERED.