**Alfred A. HUDSON, Plaintiff,**

v.

**CHARLOTTE COUNTRY CLUB, INC., Defendant.**

**No. C–C–80–0353–P.**

United States District Court, W. D. North Carolina, Charlotte Division.

April 1, 1982.

---

**2.** In *Arnett v. Kennedy*, the Supreme Court held that the appellee did have a statutory expectancy that he would not be removed other than for such cause that would promote the efficiency of the Service. The Court therefore concluded that the due process considerations were implicated. However, *Arnett v. Kennedy* involved a discharge and not a transfer to another position. 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15.

**3.** There is a diversity of views over whether an agency's violations of its own regulations infringes due process, *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1956), or merely calls for the application of the abuse of discretion standard, *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1978); *Morton v. Ruiz*, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). However, under either view the above analysis disposes of plaintiff's claims.

Michael A. Sheely, Charlotte, N. C., for plaintiff.

Roy H. Michaux, Jr., Perry, Patrick, Farmer & Michaux, P. A., Charlotte, N. C., for defendant.

POTTER, District Judge.

The Plaintiff, Alfred A. Hudson, was hired by the Defendant, Charlotte Country Club, Inc., in April of 1977 to perform various maintenance duties in and around the club's main clubhouse. However, in December of 1977, the Plaintiff was fired by the Defendant due to his behavior on several occasions toward female employees and guests of the club. The Plaintiff, a black, thereupon filed a complaint with the EEOC alleging that his termination was racially motivated, and that the payment and treatment accorded to him by his former employer had been less than that provided to white employees.

Finding the Defendant to be a private club, exempt from the provisions of Title VII, the EEOC dismissed the Plaintiff's charge for lack of jurisdiction and granted him a "right to sue" letter. The Plaintiff thereupon filed this suit pursuant to 42 U.S.C. § 2000e, *et seq.* (Title VII) and 42 U.S.C. § 1981, alleging discrimination in employment on the basis of his race.

The Defendant has filed a motion for summary judgment, alleging the following: (1) the Plaintiff's cause of action is barred by the statute of limitations; (2) the Defendant is a private organization within the meaning of 42 U.S.C. § 2000e(b) and therefore exempt from the provisions of Title VII; and (3) the Defendant, by implication to its exemption under Title VII, is also exempt from suit under § 1981.

## I. *The Statute of Limitations Issue*

Plaintiff's dismissal occurred on December 21, 1977 and he filed his EEOC claim on the next day, December 22, against "Charlotte Country Club." Plaintiff's initial complaint was filed in this Court on October 23, 1980, again against

"Charlotte Country Club." After the Defendant raised a motion to dismiss on the grounds that the pleading failed to state a proper party, the Plaintiff, on December 8, 1980 moved to amend the complaint in all respects so as to refer to the Defendant as "Charlotte Country Club, *Inc.*" By Order filed December 19, 1980, Judge McMillan of this Court allowed the motion to amend.

Although the Plaintiff had previously filed with his motion to amend a copy of his original complaint with a proposed erratum to add "Inc." to the Defendant's name wherever it appeared, the Plaintiff later filed another copy of his amended complaint on January 9, 1981, apparently as a cautionary measure. However, since the motion to amend, and Order allowing such motion were both filed before the expiration of the applicable three-year period, this Court finds such filing to have been sufficient to satisfy the statute of limitations.

Further, even if the Plaintiff had not filed his amended complaint until the January 1981 date, the Defendant's motion would still be denied as the addition of the word "Inc." did not change any substantial issue or party, and did not prejudice the Defendant who, from the pleadings and prior appearance before the EEOC in this case, obviously knew it was the proper Defendant in the action. *See*, 3 *Moore's Federal Practice* ¶ 15.15[4.–1], and *Marks v. Prattco, Inc.*, 607 F.2d 1153 (5th Cir. 1979). Consequently, the Defendant's motion for summary judgment as based on the statute of limitations issue is denied.

## II. *The Title VII "Private Club" Exemption*

■ Title VII prohibits discrimination in employment on the basis of race. However, Section 2000e(b) specifically excludes "a bona fide private membership club . . . which is exempt from taxation under Section 501(c) of the Internal Revenue Code . . ." as an "employer" within the meaning of the Act. The Defendant has filed an affidavit of the Defendant's club president as well as the Articles of Incorporation filed with the North Carolina Secretary of State,

and a letter from the U.S. Internal Revenue Service which attest to the Defendant's status as a private membership club within the meaning of § 501(c) and Title VII. The Plaintiff does not contest these offers of proof and in fact conceded at oral argument on these motions that the Defendant is a bona fide private membership club and is thereby exempt from the provisions of Title VII.

Consequently, based on the evidence presented, this Court finds that the Defendant "Charlotte Country Club, Inc." is a private membership club within the meaning of the Act and hereby dismisses the Title VII claim of discrimination.

## III. *The § 1981 Claim*

■ The only remaining issue for this Court to decide is whether the private club exemption of Title VII, by implication, exempts such clubs from discrimination in employment suits brought under § 1981.

The Civil Rights Act of 1866, 42 U.S.C. § 1981 provides in pertinent part that

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . .

Caselaw has established that this statute "affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Railway Express Agency*, 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975). *See also, Jones v. Mayer*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

In *Johnson*, the Supreme Court considered the question of whether the statute of limitations with regard to both a Title VII claim and a § 1981 claim was tolled by the EEOC filing in the Title VII claim. The Court held that Title VII and § 1981 offered distinct remedies and that by filing the Title VII claim, a plaintiff did not preserve his § 1981 claim. Consequently, the § 1981 claim filed over three years after the Title VII claim was barred by the statute of limitations.

The private club exemption of Title VII was not before the Court in *Johnson*, yet the opinion includes *dicta* that touches on the subject. As a premise to finding that Title VII and § 1981 claims were governed by separate statutes of limitations, the Supreme Court necessarily found that

> the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent. 421 U.S. at 461, 95 S.Ct. at 1720.

It is apparent from the *Johnson* opinion that, for the purpose of deciding the narrow statute of limitations question, the Supreme Court considered Title VII and § 1981, from a general standpoint, as creating separate and distinct causes of action. However, the Court did not address the possibility that the later Act, Title VII, might, in very specific situations, have preempted or limited certain causes of action under § 1981. Thus, the Supreme Court in *Johnson* cannot be fairly said to have directly decided the issue of whether the bar on suing private clubs in Title VII is also applicable, by statutory implication, to suits brought under § 1981.

Other recent opinions of the Supreme Court also indicate that the issue has been reserved, as the Court has not yet been presented with the precise situation of a truly private club, exempt under Title VII, being sued for employment discrimination under § 1981. In *Tillman v. Wheaton-Haven Recreational Assoc.*, 410 U.S. 431, 438–39, 93 S.Ct. 1090, 1094, 35 L.Ed.2d 403 (1973), having found that the defendant was *not* a private club, the Supreme Court stated that "it is not necessary in this case to consider the issue of any implied limitation on the sweep of § 1982 * when its application to a truly private club, within the meaning of § 2000a(e) is under consideration." In *Runyon v. McCrary*, 427 U.S. 160, 172 n.10, 96 S.Ct. 2586, 2595 n.10, 49 L.Ed.2d 415 (1976), the Court again found that "these cases do not raise the issue of

whether the 'private club' ... exemption ... of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(e), operates to narrow § 1 of the Civil Rights Act of 1866."

The most recent significant statement by the Supreme Court in this area was made in *New York City Transit Authority v. Beazer*, 440 U.S. 568, 583–4 n.24, 99 S.Ct. 1355, 1364 n.24, 59 L.Ed.2d 587 (1974). Although the private club exemption was not at issue, with regard to the relationship between claims brought under Title VII and § 1981 the Supreme Court held that

> Our treatment of the Title VII claim also disposes of the § 1981 claim without the need of a remand. Although the exact applicability of that provision has not been decided by this Court, it seems clear that it affords no greater substantive protection than Title VII.

If § 1981 provides "no greater substantive protection than Title VII," then it would appear that a suit against a private club could not be brought under § 1981 when it is specifically barred by Title VII.

This is the position that has been taken by the Fourth Circuit as stated in its opinion in *Tillman v. Wheaton-Haven Recreation Association, Inc.*, 451 F.2d 1211, 1214–15 (1971), *rev'd on other grounds*, 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973) with the Supreme Court specifically reserving a ruling on the present issue. In speaking of Title VII's exemption of private clubs with regard to membership practices, the Fourth Circuit in *Tillman* stated that

> [t]his exception to the ban on racial discrimination of necessity operates as an exception to the Act of 1866, in any case where that Act prohibits the same conduct which is saved as lawful by the terms of the 1964 Act.... If Wheaton-Haven is a private club as defined in the 1964 Act, the exemption contained in that Act is equally applicable to the earlier statutes. (footnote omitted).

Several other courts in dealing with the specific issue have arrived at the same con-

---

* "In light of the historical interrelationship between § 1981 and § 1982, we see no reason to construe these sections differently when ap-

plied, on these facts, to the claims of Wheaton-Haven that it is a private club." 410 U.S. at 440, 93 S.Ct. at 1095.

clusion as that reached by the Fourth Circuit in *Tillman*, most notably, *Kemerer v. Davis*, 520 F.Supp. 256 (E.D.Mich.1981); *Wright v. Salisbury Club, Ltd.*, 479 F.Supp. 378 (E.D.Va.1979), *rev'd on other grounds*, 632 F.2d 309 (4th Cir. 1980); and *Cornelius v. Benevolent Protective Order of Elks*, 382 F.Supp. 1182 (D.Conn.1974). The principal justification for finding that the private club exemption of Title VII supercedes and impliedly limits § 1981 actions insofar as they conflict, was best expressed by the District Court opinion in *Wright, supra*, in its analysis of Title VII's legislative history. Relying in part upon the *Tillman* decision, *supra*, the District Court found that

> When Congress enacted the 1964 legislation, it did not and could not have known about the conflict with the 1866 Act. Indeed, not until 1968, four years after the 1964 Act became law, did the Supreme Court first determine that the Civil Rights Act of 1866 prohibited "private" as well as officially sanctioned discrimination. *Jones v. Mayer Co.*, 392 U.S. 409 [88 S.Ct. 2186, 20 L.Ed.2d 1189] (1968). Thus the conflict between the two statutes was latent when Congress drafted the 1964 legislation, and the absence of express language in the 1964 Act limiting the 1866 Act is inconsequential.

479 F.Supp. at 386.

The Fourth Circuit reversed the district court's ruling in *Wright* on the grounds that the defendant was not truly a private club and thus did not rule upon the district court's holding that § 1981 was limited by the private club exemption in Title VII. 632 F.2d at 311, n. 5.

In light of the fact that the Fourth Circuit has not modified its holding in *Tillman*, in view of the analysis of Title VII's legislative history as expressed so well by the district courts in *Cornelius* and *Wright*, and with deference to the Supreme Court's recent statement in *New York City Transit Authority v. Beazer*, this Court finds that 42 U.S.C. § 1981 does not afford any greater degree of protection than Title VII, and that suits against private clubs that are barred by Title VII, are also barred under § 1981.

Indeed, this ruling makes sense, from both the legislative and judicial viewpoints. As the Fourth Circuit noted in *Tillman*, "it is unquestionable that in 1964 Congress acted in the belief that in outlawing discrimination . . . it was writing on a clean slate." 451 F.2d at 1214 n.5. Thus, if private clubs, exempt from employment discrimination suits under Title VII, are nonetheless liable to suit under § 1981 for exactly the same alleged offense, then the exemption in Title VII has no meaning and no practical effect.

Consequently, having previously found the Defendant in this case, Charlotte Country Club, Inc., to be a bona fide private club exempt from the provision of Title VII, this Court finds that such exemption in Title VII supercedes and limits § 1981 so as to bar the employment discrimination suit under § 1981 as well.

THEREFORE IT IS HEREBY ORDERED

(1) that the Defendant's motion for summary judgment with regard to the statute of limitations claim is denied;

(2) that the Defendant's motion for summary judgment with regard to both the Title VII and § 1981 claims is granted, and the entire case is dismissed.