**Rosa M. GUESBY, Plaintiff,**

v.

**Arthur KENNEDY and The Topeka Club, Inc., Defendants.**

**Civ. A. No. 81–4172.**

United States District Court,
D. Kansas.

Feb. 21, 1984.

Fred W. Phelps, Jr., Phelps-Chartered, Topeka, Kan., for plaintiff.

Ann L. Hoover, Charles S. Fisher, Jr., Fisher, Ochs & Heck, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

This matter is presently before the court on the defendants' motion for summary judgment. In support of their motion, the defendants contend that the defendant, The Topeka Club, Inc., is "a bona fide private club" within the meaning of 42 U.S.C. § 2000e(b)(2), and, therefore, that the defendants are excluded from the scope of 42 U.S.C. § 1981. A hearing was held on this matter on January 6, 1984. After considering the briefs and the arguments of counsel, the court is prepared to rule on the pending motion.

The plaintiff, a black female, was employed as a cook by the defendant, The Topeka Club, Inc. Defendant Kennedy was employed as a manager of defendant The Topeka Club. On or about June 11, 1981, plaintiff's employment was terminated by the defendants, and she subsequently brought this action under 42 U.S.C. §§ 1981 and 1988, alleging racial discrimination in employment. The defendants have moved for summary judgment on the ground that The Topeka Club is a bona fide

private club exempt from jurisdiction under 42 U.S.C. § 1981.

The defendants' motion for summary judgment raises two issues: one factual and one legal. First, the court must determine whether The Topeka Club is a bona fide private club within the meaning of 42 U.S.C. § 2000e(b)(2). Second, the court must determine whether the bona fide private club exemption of § 2000e(b)(2) applies to an action under 42 U.S.C. § 1981. If either of these questions is answered in the negative, defendants' motion for summary judgment must be denied.

The court is, of course, well acquainted with the standards governing consideration of a motion for summary judgment under Fed.R.Civ.P. 56. A summary judgment motion is not a substitute for trial and should not be lightly granted. *Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230, 234 (10th Cir.1975). The movant must demonstrate his right to prevail beyond a reasonable doubt. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027, 1037 (10th Cir.1978). The court must examine all the evidence in a light most favorable to the party opposing the motion. *Baum v. Gillman*, 648 F.2d 1292 (10th Cir.1981). Summary judgment is appropriate only when it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party opposing a properly supported summary judgment motion cannot rest on allegations contained in the complaint. *Baum v. Gillman, supra*. Instead, the opposing party must respond with specific facts showing a genuine issue for trial. General assertions and conclusory statements are not enough to defeat a properly supported summary judgment motion. *Whitfield v. Gangas*, 507 F.2d 880, 882 (10th Cir.1974).

I. *The Topeka Club is a bona fide private membership club under 42 U.S.C. § 2000e(b).*

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race. The provision describing the class of "employers" to whom the act applies, however, expressly excludes "a bona fide private membership club ... which is exempt from taxation under § 501(c) of the Internal Revenue Code of 1954." 42 U.S.C. § 2000e(b)(2). Defendants contend that The Topeka Club falls within the scope of this express exemption.

In support of their contention, defendants have filed an affidavit by the president of the board of directors of The Topeka Club, copies of the articles of incorporation and by-laws of The Topeka Club, excerpts from minutes of meetings of the board of directors of The Topeka Club, and a letter of tax exemption from the Internal Revenue Service. These documents and their contents have not been controverted by plaintiff. The following facts are, therefore, uncontroverted. The defendant, The Topeka Club, Inc., is a corporation organized not for profit and is organized and operated as a private club exclusively for pleasure, recreation and other non-profitable purposes. The Topeka Club, Inc., is a licensed Class A club established under the laws of the State of Kansas. The Topeka Club is exempt from the payment of taxes under § 501(c)(7) of the Internal Revenue Code. The Topeka Club is managed and controlled by its board of directors, who are selected by the membership. In order to become a member of The Topeka Club, one must submit a written signed application together with an admission fee; be screened by the entire membership and the board of directors; and be approved by a majority vote of the board of directors, provided there are less than two negative votes from the board. Members of The Topeka Club are required to pay monthly dues. No part of the income or net earnings of The Topeka Club inures to the benefit of any private member or individual. The Topeka Club does not advertise that it is open to the public. The Topeka Club does not engage in any mass mailing or advertising to the public. All "publicity" is directed solely to its members for their information.

Although plaintiff does not specifically controvert the facts set out above, as is

required under Local Rule 15(c), plaintiff does dispute the proposition that The Topeka Club is a bona fide private club. In conclusory fashion, plaintiff alleges that defendant, The Topeka Club, lacks machinery and criteria for selection of new members, or that, if such machinery and criteria exist, they are not enforced. As support for this factual allegation, plaintiff cites defendants' answers to two interrogatories, wherein defendants stated that "members and putative members can be expelled or denied admission for cause," and declined to identify any person actually denied admission or actually suspended. We note that these interrogatories were propounded after the deadline for discovery had expired, and that the defendants objected to them.

Even after considering all the facts and the inferences from those facts in favor of the plaintiff, we are not persuaded that a triable issue of material fact exists. When confronted with a properly supported motion for summary judgment, as is the defendants' motion in this case, the plaintiff has the burden of responding with specific facts showing a genuine issue for trial. Plaintiff's conclusory statements and assertions, coupled with two inconclusive responses to interrogatories, are simply not enough to defeat the motion for summary judgment. The evidence presented by the defendants and not controverted by the plaintiff requires us to conclude that, at least for purposes of this motion for summary judgment, defendant The Topeka Club is "a bona fide private membership club" within the meaning of 42 U.S.C. § 2000e(b)(2). Having resolved the factual question, we now proceed to address the more difficult legal issue.

II. *The private club exemption of Title VII does not apply to an employment discrimination action under § 1981.*

We now turn to the question whether the bona fide private membership club exemp-

tion to Title VII of the Civil Rights Act of 1964 applies to actions brought under § 1981, which was originally part of the Civil Rights Act of 1866. Defendants argue that Title VII impliedly supercedes and limits § 1981 so as to bar the present action. In support of this proposition, defendants have cited a total of eight cases. *Tillman v. Wheaton-Haven Recreational Association, Inc.*, 451 F.2d 1211 (4th Cir. 1971), *rev'd on other grounds*, 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Hudson v. Charlotte Country Club, Inc.*, 535 F.Supp. 313 (W.D.N.Car.1982); *Kemerer v. Davis*, 520 F.Supp. 256 (E.D.Mich. 1981); *Wright v. Salisbury Club, Ltd.*, 479 F.Supp. 378 (E.D.Va.1979), *rev'd on other grounds*, 632 F.2d 309 (4th Cir.1980); *Perkins v. New Orleans Athletic Club*, 429 F.Supp. 661 (E.D.La.1976); *Cornelius v. Benevolent Protective Order of Elks*, 382 F.Supp. 1182 (D.Conn.1974); *Solomon v. Miami Woman's Club*, 359 F.Supp. 41 (S.D.Fla.1973); *Sims v. Order of United Commercial Travelers of America*, 343 F.Supp. 112 (D.Mass.1972).

Although each of the cited cases arguably supports defendants' position here, these cases may be easily divided into two distinct lines, only one of which is directly applicable in this case. Of the cited cases, only two, *Hudson v. Charlotte Country Club, Inc.*, and *Kemerer v. Davis*, involved the question whether the bona fide private club exemption of Title VII is applicable to an employment discrimination action under § 1981. In these two cases, the courts held that the exemption applied. The remaining cases involved a different question, namely the applicability of a bona fide private club exemption to an action under § 1981 [1] to obtain membership in an association. As will be seen, this line of six membership cases is distinguishable from the case at bar.

A. *The Membership Cases.*

First, the membership cases involved a different bona fide private club exemption

---

[1] With the exception of *Solomon v. Miami Woman's Club, supra,* all of the membership cases involved claims under § 1981. The plaintiff in *Solomon* was proceeding under § 1983.

The court's holding, that the bona fide private club exemption of Title II (42 U.S.C. § 2000a et seq.) barred plaintiff's suit, would apparently have applied to claims under § 1981 as well.

from the one involved in this case. With the exception of *Sims v. Commercial Travelers, supra,*[2] the courts in each of the membership cases applied the bona fide private club exemption from Title II of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000a. Title II was designed to guarantee equal access to places of public accommodation, *see Sullivan v. Little Hunting Park, Inc.,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), whereas Title VII was intended to achieve equality of employment opportunities, *see Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). Thus, the membership cases involved a different bona fide private club exemption contained in a completely different statute (Title II) from that involved in this case (Title VII).

Second, the membership cases arose from a context entirely different from that involved in the case at bar. The membership cases were lawsuits to obtain membership in private associations, whereas the case at bar is an employment discrimination action arising in the context of an employment relationship. The importance of this distinction is highlighted by the emphasis that two of the membership cases placed on the First Amendment right of association arising in the context of membership in private organizations. *See Wright v. Salisbury Club, supra,* 479 F.Supp. at 390–392; *Cornelius v. Benevolent Protective Order of Elks, supra,* 382 F.Supp. at 1202. Each of these courts supported its conclusion that the bona fide private club exemption of Title II impliedly amended § 1981, by noting that if § 1981 permitted a plaintiff to sue for membership in a private association, the statute would be an unconstitutional violation of the First Amendment right of association.

▄▄▄ We believe that in the context of an employment relationship, the scope of the right of association is much more limited than in the context of membership in an

organization. This is certainly true in the context of the National Labor Relations Act. Although an employer or supervisor is free to join a private club or association that excludes union members, he cannot discriminate in employment against those who join a union. 29 U.S.C. § 158(a)(3). In short, the same associational freedom is not involved when employment, rather than membership, is at issue. Accordingly, unlike the courts in the membership cases, we do not believe that the First Amendment of the Constitution requires an exception for private clubs in this § 1981 employment discrimination action.

Third, we are not persuaded by the implied amendment rationale employed by the courts in the membership cases. The leading case in the line of membership cases appears to be *Cornelius v. Benevolent Protective Order of Elks, supra.* The implied amendment rationale begins with the recognition that the specific provision in Title VII exempting bona fide private membership clubs [42 U.S.C. § 2000e(b)(2) ] conflicts with the more general provisions of § 1981, which contains no such exemption. This conflict, the *Cornelius* court held, was latent, because Title VII was enacted in 1964, before the Supreme Court's holding in *Jones v. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), made it clear that the Civil Rights Act of 1866 (codified at 42 U.S.C. §§ 1981 and 1982) applies to private discrimination. The *Cornelius* court concluded that because Congress, in 1964, assumed that it was writing on a blank slate as far as private discrimination was concerned, the inclusion of a private club exemption in Title VII impliedly amended § 1981.

Although the implied amendment theory applied in *Cornelius* and the other membership cases is a well-reasoned approach to a difficult question of statutory interrelation and conflict, it fails to take into account the Supreme Court's interpretation

---

**2.** In *Sims,* the court did not actually apply a particular private club exemption, but simply noted the lack of authority supporting a § 1981 suit to obtain membership in a private organiza-

tion. 343 F.Supp. at 113. The court eventually concluded that the defendant was not a private organization and could be sued. *Id.* at 114.

of the relation between § 1981 and Title VII, most notably in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). There the Court, emphasizing the independence of the two statutes, held that the filing of an administrative complaint under Title VII would not serve to toll the statute of limitations governing the plaintiff's § 1981 action. In discussing the differences between the two statutes, the Court made it clear that § 1981 had *not* been impliedly amended by Title VII's limitation of remedy to equitable relief and two years' back pay, Title VII's requirement of exhaustion of administrative remedies, or Title VII's strict time limits. *Id.* at 460, 95 S.Ct. at 1720. In light of the clear language of the Supreme Court indicating that a § 1981 employment discrimination action was not subject to these limitations and requirements of Title VII, we find it difficult to believe that an isolated provision in Title VII, the bona fide private club exemption, impliedly amends and limits the older statute.

Even if the implied amendment rationale were not inconsistent with the Supreme Court's interpretation of the relation between § 1981 and Title VII, we would be reluctant to adopt that rationale in light of the consequences of such a ruling. If we were to adopt the implied amendment theory and apply the bona fide private club exemption of Title VII in this § 1981 employment discrimination action, we can see no reason why another limitation on the class of employers subject to suit under Title VII should not be applied to a § 1981 action. 42 U.S.C. § 2000e(b) also exempts employers of less than fifteen employees. The implied amendment rationale draws no distinction between the private club exemption and the less-than-fifteen-employee exemption; both are part of the same statute and appear to conflict with § 1981's lack of any express exemptions. Our research, however, reveals no cases in which a court has applied the less-than-fifteen-employee exemption in a § 1981 employment discrimination action. We are, therefore, extreme-

ly reluctant to adopt a rationale that would inevitably lead to such a holding.

Moreover, there is language in *Johnson v. Railway Express, supra,* indicating that the Supreme Court did not consider Title VII's provisions exempting certain employers to be applicable to § 1981 actions. In discussing the differences between the two statutes, the Court stated:

> Section 1981 is not coextensive in its coverage with Title VII. The *latter* is made inapplicable to certain employers. 42 U.S.C. § 2000e(b) (1970 ed., Supp.III). 421 U.S. at 460, 95 S.Ct. at 1720 (emphasis added).

With this language, the Court strongly implied that § 1981 applies to all employers and is not subject to the exemptions contained in Title VII.

The implied amendment theory is further weakened by the fact that Congress amended Title VII in 1972, after the Supreme Court's 1968 decision in *Jones v. Mayer Co., supra.* Equal Employment Opportunity Act of 1972, Pub.L. 92–261, 86 Stat. 103. In 1972, there could be no doubt that Congress realized that § 1981 applied to private discrimination. Accordingly, the failure of Congress in 1972 to include in Title VII any language expressly limiting § 1981, or to amend § 1981 directly, suggests a lack of congressional intent to impliedly amend the earlier statute, contrary to the argument of the defendants here.

We note that only a handful of courts have applied the implied amendment rationale and the bona fide private club exemption of Title II in the context of a § 1981 action regarding membership. The Supreme Court has, on three occasions, avoided the issue whether the Title II exemption applies in a § 1981 membership action. *See Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Tillman v. Wheaton-Haven Recreation Association,* 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Sullivan v. Little Hunting Park, Inc.,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969). We note, also, that the Court of Appeals for the Fourth Circuit, the only appellate court to adopt

the implied amendment theory in the context of a § 1981 membership case, recently refused to pass upon the continued validity of its prior holding. *Wright v. Salisbury Club, Ltd.*, 632 F.2d 309, 311, n. 5 (4th Cir.1980).

For all of the foregoing reasons, we are not persuaded that the rationale of the membership cases should be applied in the case at bar. Accordingly, we decline to follow them.

## B. *The Employment Discrimination Cases.*

We now turn to discuss the only two cases that have ever squarely confronted the precise question presented here, *Hudson v. Charlotte Country Club, Inc., supra,* and *Kemerer v. Davis, supra.* The courts in each of these cases applied the Title VII exemption for bona fide private membership clubs to a § 1981 employment discrimination action. In reaching their holdings, the two courts relied heavily upon the implied amendment rationale, as set out in *Cornelius, supra.* As our prior discussion of the implied amendment rationale and the membership cases indicates, we are not persuaded that that theory should be applied in the context of a § 1981 employment discrimination action such as the instant case.

In addition to their reliance on the membership cases, however, the courts in both *Hudson* and *Kemerer* quoted language from a footnote in a recent Supreme Court opinion, wherein Justice Stevens wrote that "it seems clear that [§ 1981] affords no greater substantive protection than Title VII." *New York City Transit Authority v. Beazer,* 440 U.S. 568, 584 n. 24, 99 S.Ct. 1355, 1365 n. 24, 59 L.Ed.2d 587 (1979). This statement appears to have been given much greater weight by the *Kemerer* and *Hudson* courts than was intended. In *Beazer,* the Court found no race-based discrimination under Title VII, and Justice Stevens merely indicated that this same conclusion applied to the plaintiffs' § 1981 claims. Both the *Kemerer* and *Hudson* courts appear to take the quoted state-ment, which seems to be mere dictum, out of context. We note that Justice Stevens cited no authority in support of the statement. In any event, we do not believe that Justice Stevens' statement in *Beazer* mandates the application of the bona fide private club exemption contained in Title VII to an employment discrimination action brought pursuant to § 1981. Certainly, the Supreme Court's opinion in *Johnson v. Railway Express Agency, supra,* provides a much more thorough explanation of the relation between § 1981 and Title VII.

On the whole, we are not persuaded by the *Kemerer* and *Hudson* cases, nor by the six membership cases. We are simply not convinced that the bona fide private membership club exemption contained in Title VII can be construed to apply to this, a § 1981 employment discrimination action. We hold, therefore, that the bona fide private membership club exemption contained at 42 U.S.C. § 2000e(b)(2) does not apply to the case at bar. The defendants are not entitled to judgment as a matter of law, and their motion for summary judgment must be denied.

We note that this matter is one of first impression in this circuit, and that our decision herein is in conflict with the conclusion reached by the only two courts to previously address the question. Although we are not persuaded by these authorities to the contrary, we believe that there is substantial ground for difference of opinion on the issue of the private club exemption. Because our decision on this issue controls whether plaintiff can state a cause of action, we believe that an interlocutory appeal might advance the termination of this lawsuit. Therefore, the court would give serious consideration to a motion for certification under 28 U.S.C. § 1292(b).

IT IS THEREFORE ORDERED that defendants' motion for summary judgment be and hereby is denied.