Nathaniel **BAPTISTE**, Plaintiff,

v.

The **CAVENDISH CLUB, INC.**, et al., Defendants.

No. 84 Civ. 7204 (SWK).

United States District Court, S.D. New York.

Sept. 8, 1987.

Paulette M. Owens, New York City, for plaintiff.

Karpas & Hirshman, Brooklyn by: Stephen Levine, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff Nathaniel Baptiste filed a complaint alleging that his former employer,

The Cavendish Club, Inc. ("the Club"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* 29 U.S.C. §§ 215(a)(3) and 216, 42 U.S.C. § 1981, and committed various torts. The claims under Title 29 have apparently been dropped.

The defendants move to dismiss the complaint on various grounds. They allege that the summons and complaint were not served upon them within the 120 day period required by Fed.R.Civ.P. 4(j) and lack of subject matter jurisdiction. On January 30, 1987, this Court rejected plaintiff's explanation for failure to serve within 120 days, but granted him an additional ten days to show good cause for failure to serve.

### RULE 4(j) DISMISSAL

In response to this order, plaintiff's counsel Paulette Owens filed a supplemental affidavit in which she states that Felix Ziffer, former counsel to defendant, indicated he would accept service on behalf of the defendants. Other counsel was substituted for Ziffer, and she was forced to serve the defendants individually and she thus served them after the 120 day deadline. In a separate affidavit, Ziffer denies he had any conversations with Owens prior to service of process on defendants.

On its face, Owens' affidavit fails to show good cause for the failure to serve. First, the affidavit is vague about dates. It does not state that Owens notified Ziffer prior to the expiration of the 120 day period. Owens simply states that she contacted Ziffer sometime prior to the actual service. Second, the exhibits attached to Owens' affidavit belie her explanation. Exhibit A indicates that the president of the Cavendish Club signed the acknowledgment of receipt of the complaint, not Ziffer. Exhibit A also indicates that Ziffer was counsel as of March 31. Owens filed the complaint on March 19, after the 120 day period. Thus Ziffer's substitution was apparently irrelevant to whether Owens served the complaint on time.

█ Although Owens has not demonstrated good cause for having failed to serve the complaint within 120 days, the Court declines to dismiss the complaint.

Plaintiff's attorney has appeared before this Court on a number of cases, and in this case as well as others has had difficulty attending conferences and meeting deadlines. The failure to serve is part of a pattern, and plaintiff should not suffer for this. Besides this, the summons was served only a month late and defendants have suffered no prejudice. Defendants' motion to dismiss based on Fed.R.Civ.P. 4(j) is thus denied.

### SUBJECT MATTER JURISDICTION

#### 1. *Title VII*

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of race. 42 U.S.C. § 2000e–2(a). Bona fide private membership clubs which are also exempt from tax under 26 U.S.C. § 501(c) are exempt from Title VII. Defendants claim that the Club is tax exempt and a private membership club, and thus exempt from Title VII, and therefore, this Court does not have subject matter jurisdiction over the case because it does not arise under federal law.

The Court finds that the Club is exempt from tax under 26 U.S.C. § 501(c). According to the affidavit of Jeffrey Rothstein, who has been the Club's accountant since 1982, the Club is exempt from federal tax under 26 U.S.C. § 501(c)(7). He further states that during his time as accountant, the Internal Revenue Service has conducted an audit of the Club and found that its exemption under section 501(c)(7) is proper. Plaintiff offers no evidence in opposition to this, and apparently concedes that the Club is exempt from tax. See Affirmation in Opposition of Paulette Owens, affirmed May 22, 1984, at ¶ 4.

█ Tax exempt status alone is not sufficient to bring an organization within the Title VII exception. A court must next determine whether the club is a bona fide private membership club. In *Quijano v. University Federal Credit Union,* 617 F.2d 129, 131 (5th Cir.1980), the court delineated four factors to consider in determining whether an employer is a private club

under Title VII. The club must be 1) an association of persons for social or recreational purposes; 2) legitimate; 3) private; and 4) require some meaningful conditions of limited membership.

Turning to the first factor, Thomas Smith, the Club's director of activities, filed an affidavit indicating that the Club is dedicated to the promotion of bridge and other games of skill. The Club, as an association of people joined together for common recreation, thus meets the first factor. The Club is also organized for a legitimate reason—promotion of the game of bridge. Smith also states that Club facilities are open only to members and their guests, thus satisfying the third factor. Finally, Smith's affidavit indicates that the Club requires meaningful conditions of limited membership. Prospective members must be sponsored by a current member and seconded by another member. They are subject to evaluation of their ethical reputation at the bridge table, their skill and knowledge of the game, their standards of dress and deportment, and their ability to meet their financial commitment to the Club. Members are admitted only if they are approved by the Board of Directors. According to the Club's by-laws, which defendants have also submitted, five members can block a candidate's application. Based on these factors, the Court finds that the Club is a bona fide membership club, and thus exempt from Title VII.

### 2. *Section 1981*

The plaintiff also claims he brought this action under 42 U.S.C. §§ 1981, 1983 and 1985. Although the plaintiff cites these statutes as providing jurisdiction, he does not cite them as grounds for relief. Nevertheless, if plaintiff could state a claim under these statutes, he should be permitted to amend his complaint.

Sections 1983 and 1985 do not create independent rights, but rather create causes of action for violation of federal rights under color of state law. Since plaintiff makes no showing in his complaint that the alleged violation was under color of state law, plaintiff's request as to Sections 1983 and 1985 is denied.

Defendant argues that plaintiff cannot recover because the private club exception of Title VII applies to Section 1981. The Supreme Court has ruled that "Congress clearly has retained § 1981 as a remedy against private employment discrimination separate from and independent of Title VII." *Johnson v. Railway Express Agency*, 421 U.S. 454, 466, 95 S.Ct. 1716, 1723, 44 L.Ed.2d 295 (1975). The Court in *Johnson*, in enumerating the ways in which Title VII and Section 1981 differed, stated that "[t]he latter is made inapplicable to certain employers. 42 U.S.C. § 2000e(b)...." *Id.* at 460, 95 S.Ct. at 1720. (Section 2000e(b) is the provision of Title VII which exempts private employers.) There are other substantive differences between the two statutes as well. Under Section 1981, a person can recover punitive damages and can recover backpay for more than two years. *Id.* at 460, 95 S.Ct. at 1720. The procedural provisions of Title VII, including the statute of limitations and the exhaustion requirement, do not apply to Section 1981. Thus, the scope of protection of Title VII and Section 1981, differ both in terms of relief and the ability to bring the claim.

While at least two courts have held that Title VII's exemption for private clubs does apply to section 1981, *see Hudson v. Charlotte Country Club, Inc.*, 535 F.Supp. 313, 317 (W.D.N.C.1982); *Kemerer v. Davis*, 520 F.Supp. 256 (E.D.Mich.1981), these rulings contradict the Supreme Court's statement in *Johnson*. Moreover, the language of Section 1981 does not support exempting private clubs from its coverage, and the argument expressed in these cases that Congress implicitly amended section 1981 when it passed Title VII is speculative and unpersuasive.

In conclusion, plaintiff may proceed with this action under 42 U.S.C. § 1981. To do so, however, plaintiff must amend his complaint. He must do this within ten days of this opinion.

SO ORDERED.