**Samuel S. GRAHAM, Plaintiff,**

v.

**LEAVENWORTH COUNTRY CLUB, Defendant.**

No. 98–2189–JWL.

United States District Court, D. Kansas.

July 17, 1998.

David J. DeSimone, DeSimone, Pearson, L.C., Kansas City, MO, for Plaintiff.

J. Nick Badgerow, Spencer, Fane, Britt & Browne, Overland Park, KS, for Defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Samuel S. Graham filed suit against defendant Leavenworth Country Club alleging violations of Title VII and § 1981 arising out of his employment with defendant. This matter is presently before the court on defendant's motion for summary judgment (doc. # 3). In support of its motion, defendant maintains that it is a "bona fide private membership club" within the meaning of 42 U.S.C. § 2000e(b)(2) and, thus, is not subject to suit under Title VII or § 1981. For the reasons set forth below, defendant's motion with respect to plaintiff's Title VII claim is denied without prejudice and, with respect to plaintiff's § 1981 claim, is denied in its entirety.

*Summary Judgment Standard*

When considering a motion for summary judgment, the court must examine all of the evidence in the light most favorable to the nonmoving party. *Jones v. Unisys Corp.*, 54 F.3d 624, 628 (10th Cir.1995). A moving party that also bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 536 (10th Cir.1995). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.*

Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. Summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

*Plaintiff's Title VII Claim*

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee on the basis of race. Certain entities, however, are expressly excluded from Title VII's definition of "employer." For example, Title VII does not apply to a "bona fide private membership club ... which is exempt from taxation under section 501(c) of [the Internal Revenue Code]." 42 U.S.C. § 2000e(b)(2). Defendant maintains that it falls within the scope of this express exemption.

Although the Tenth Circuit has not analyzed the private club exemption of Title VII, the EEOC has promulgated a three-part inquiry for analyzing whether an organization qualifies as a private club under § 2000e(b)(2) According to the EEOC, an organization is a bona fide private membership club if it: (1) is a club in the ordinary sense of the word; (2) is private; and (3) requires meaningful conditions of limited membership. EEOC Policy Document No. 210: Bona Fide Private Membership Club Exception (March 1996), *contained in* 2 EEOC Compliance Manual § 605 App. A, at 605:0062. *See also EEOC v. Chicago Club*, 86 F.3d 1423, 1433–35 (7th Cir.1996) (adopting EEOC's three-part inquiry for assessing private club status). For purposes of defendant's motion, the parties dispute only whether defendant Leavenworth Country Club requires meaningful conditions of limited membership.[1]

In support of its argument that it employs meaningful conditions of limited membership, defendant has filed an affidavit by its Gener-

---

1. It is uncontroverted that defendant is tax-exempt under section 501(c)(7) of the Internal Revenue Code.

al Manager, Dan Hazzard, and a copy of defendant's bylaws. In order to become a member of the Leavenworth Country Club, according to the documents submitted by defendant, an individual "of good moral character" must submit a written application and be sponsored by two stockholding members of the Club who are in good standing. Defendant's Membership Committee then investigates the applicant's qualifications for membership. If the Membership Committee is satisfied that the applicant meets the requirements for membership, the application is forwarded to the Board of Directors. As set. forth in defendant's by-laws, the members of the Club have delegated to the Board of Directors the final authority to accept or reject an application for membership.[2]

◼ Although plaintiff does not specifically controvert the facts set forth above, he questions whether defendant requires "meaningful conditions of limited membership." Specifically, plaintiff seeks an opportunity to conduct discovery with respect to whether membership selection criteria exist and, if so, whether the selection criteria are actually applied in making membership decisions. Significantly, defendant's motion for summary judgment was filed only five days after defendant filed its answer to plaintiff's complaint. Thus, plaintiff has not had an opportunity to conduct discovery on any issues with respect to defendant's private club status. Moreover, plaintiff is seeking discovery on a limited, specific issue—whether membership selection criteria exist and, if so, the extent to which such criteria are applied in making membership selection decisions. In such circumstances, the court believes that plaintiff should be permitted to conduct discovery on this issue. Accordingly, defen-

dant's motion for summary judgment with respect to plaintiff's Title VII claim is premature and is denied without prejudice.[3]

### Plaintiff's § 1981 Claim

◼ The court now turns to address the legal question of whether the private membership club exemption of Title VII applies in the context of a § 1981 claim. In support of its argument that the private membership club exemption extends to.§ 1981 claims, defendant directs the court to two district court opinions in which the courts held that the private club exemption of Title VII by implication exempts such clubs from suits brought under § 1981. *See Hudson v. Charlotte Country Club, Inc.*, 535 F.Supp. 313, 315 (W.D.N.C.1982); *Kemerer v. Davis*, 520 F.Supp. 256, 257 (E.D.Mich.1981) ("[T]he Court is persuaded that Congress has impliedly exempted private clubs ... from liability under 1981 by virtue of its enactment of Title VII.").

In extending the private club exemption of Title VII to § 1981 claims, the *Hudson* and *Kemerer* courts relied primarily on the "implied amendment" rationale. This rationale "begins with the recognition that the specific provision in Title VII exempting bona fide private membership clubs [42 U.S.C. § 2000e(b)(2) ] conflicts with the more general provisions of § 1981, which contains no such exemption." *Guesby v. Kennedy*, 580 F.Supp. 1280, 1284 (D.Kan.1984) (O'Connor, J.). According to courts that have adopted the implied amendment theory, the conflict between Title VII and § 1981 is latent because Title VII was enacted in 1964, before the Supreme Court's holding in *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct.

---

2. Defendant's Board of Directors are elected by the membership.

3. Defendant urges that plaintiff's speculation that certain facts with respect to defendant's private club status may be in dispute is insufficient to controvert defendant's properly supported motion for summary judgment. In support of this argument, defendant directs the court to Judge O'Connor's opinion in *Guesby v. Kennedy*, 580 F.Supp. 1280 (D.Kan.1984). In *Guesby*, Judge O'Connor concluded that defendant was in fact a private club within the meaning of § 2000e(b)(2) where the plaintiff failed to specifically contro-

vert facts that established defendant's status as a private membership club. *Id.* at 1282–83. In *Guesby*, however, the parties had completed discovery on all issues and, despite having ample opportunity to propound discovery on defendant's membership selection criteria, plaintiff failed to set forth any evidence controverting defendant's private club status. *Id.* at 1283. Here, defendant's motion for summary judgment was filed only five days after defendant filed its answer. As such, plaintiff did not have the opportunity to conduct the very limited discovery he has requested.

2186, 20 L.Ed.2d 1189 (1968), made it clear that the Civil Rights Act of 1866 (codified at 42 U.S.C. §§ 1981 and 1982) applies to private discrimination. Thus, under the "implied amendment" rationale, because Congress in 1964 assumed that it was writing on a blank slate as far as private discrimination was concerned, the inclusion of a private club exemption in Title VII impliedly amended § 1981. For the reasons set forth below, the court is not persuaded by the "implied amendment" theory.

Shortly after the *Hudson* and *Kemerer* decisions, Judge O'Connor of this district was squarely confronted with the issue of whether the private membership club exemption of Title VII applies to § 1981 claims. *See Guesby v. Kennedy,* 580 F.Supp. 1280 (D.Kan.1984). Holding that the private club exemption did not apply to a § 1981 action, Judge O'Connor specifically rejected the "implied amendment" theory:

> Although the implied amendment theory . . . is a well-reasoned approach to a difficult question of statutory interrelation and conflict, it fails to take into account the Supreme Court's interpretation of the relation between § 1981 and Title VII, most notably in *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). There the Court, emphasizing the independence of the two statutes, held that the filing of an administrative complaint under Title VII would not serve to toll the statute of limitations governing the plaintiff's § 1981 action. In discussing the differences between the two statutes, the Court made it clear that § 1981 had *not* been impliedly amended by

Title VII's limitation of remedy to equitable relief and two years' back pay, Title VII's requirement of exhaustion of administrative remedies, or Title VII's strict time limits. *Id.* at 460, 95 S.Ct. 1716. In light of the clear language of the Supreme Court indicating that a § 1981 employment discrimination action was not subject to these limitations and requirements of Title VII, we find it difficult to believe that an isolated provision in Title VII, the bona fide private club exemption, impliedly amends and limits the older statute.

*Id.* at 1284–85. *See also Baptiste v. Cavendish Club, Inc.,* 670 F.Supp. 108, 110 (S.D.N.Y. 1987) ("[T]he language of section 1981 does not support exempting private clubs from its coverage, and the argument expressed in [*Hudson* and *Kemerer*] that Congress implicitly amended section 1981 when it passed Title VII is speculative and unpersuasive."); *Konicki v. Piedmont Driving Club,* No. 85–4633, 1987 WL 59580, at *2 (N.D.Ga. May 23, 1987) (rejecting the implied amendment theory and concluding that the private membership club exemption does not apply to § 1981).[4]

Moreover, as noted by Judge O'Connor in *Guesby,* a review of the Supreme Court's opinion in *Johnson v. Railway Express* clearly indicates that the Court did not consider the exemptions found in 42 U.S.C. § 2000e(b) to be applicable to § 1981 actions. *See Guesby,* 580 F.Supp. at 1285 (quoting *Railway Express,* 421 U.S. at 460, 95 S.Ct. 1716 ("Section 1981 is not coextensive in its coverage with Title VII. The *latter* is made inapplicable to certain employers. 42 U.S.C. § 2000e(b) (1970 ed., Supp. III).") (emphasis

---

4. In so holding, the *Hudson* and *Kemerer* courts also relied on language from a footnote in a Supreme Court opinion wherein Justice Stevens wrote that "it seems clear that [§ 1981] affords no greater substantive protection than Title VII." *See New York City Transit Authority v. Beazer,* 440 U.S. 568, 584 n. 24, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979). As Judge O'Connor aptly reasoned,

> This statement appears to have been given much greater weight by the *Kemerer* and *Hudson* courts than was intended. In *Beazer,* the Court found no race-based discrimination under Title VII, and Justice Stevens merely indicated that this same conclusion applied to the plaintiffs' § 1981 claims. Both the *Kemerer*

and *Hudson* courts appear to take the quoted statement, which seems to be mere dictum, out of context. We note that Justice Stevens cited no authority in support of the statement. In any event, we do not believe that Justice Stevens' statement in *Beazer* mandates the application of the bona fide private club exemption contained in Title VII to an employment discrimination action brought pursuant to § 1981. Certainly, the Supreme Court's opinion in *Johnson v. Railway Express Agency, supra,* provides a much more thorough explanation of the relation between § 1981 and Title VII.

*Guesby,* 580 F.Supp. at 1286.

added)). This language strongly implies that § 1981 applies to all employers and is not subject to the exemptions contained in Title VII.[5]

Apparently, however, the issue of whether the private membership club exemption of Title VII applies to § 1981 claims has not been addressed by any court since the enactment of the Civil Rights Act of 1991. The Civil Rights Act of 1991 made significant amendments to both Title VII and § 1981. For example, the 1991 Act made compensatory and punitive damages available to Title VII plaintiffs against private employers and provided a jury trial for plaintiffs seeking those damages. With respect to § 1981, Congress substantially broadened the scope of § 1981 and reaffirmed its application to private employers.[6]

According to defendant, these amendments "impliedly dictate" that the private membership club exemption of Title VII be applied to § 1981 in light of Congress's desire to provide more uniformity among the federal employment discrimination laws. The essence of defendant's argument is that the court's refusal to apply the private club exemption of Title VII to § 1981 claims would "impede" Congress's effort to provide more uniformity among these laws. Although the court agrees that the 1991 Amendments resulted in greater uniformity between Title VII and § 1981, particularly with respect to available remedies, the court is not persuaded that an "inconsistent application" of the private club exemption would frustrate Congress's efforts in any way. It seems highly unlikely that Congress, in enacting the Civil Rights Act of 1991, intended to take away any substantive

rights from victims of discrimination. In fact, one express purpose of the Act is "to expand[ ] the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination." Pub.L. 102–166, 105 Stat. 1071. Indeed, nothing in the legislative history of the Act or the language of the Act itself suggests an intent to limit § 1981 in terms of coverage or scope. In the absence of such a suggestion, the court is unwilling to imply an amendment to § 1981 that would curtail the substantive protections afforded by the statute.

Accordingly, the court concludes that the private club exemption of Title VII does not apply to § 1981 claims. Defendant's motion for summary judgment with respect to plaintiff's § 1981 claim is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (Doc. # 3) with respect to plaintiff's Title VII claim is denied without prejudice and, with respect to plaintiff's § 1981 claim, is denied in its entirety.

**IT IS SO ORDERED.**

---

5. The court also recognizes Judge O'Connor's concern that adopting the implied amendment rationale in this context would "inevitably lead" to an application of the "less-than-fifteen-employee" exemption found in § 2000e(b) to § 1981 actions. *See Guesby*, 580 F.Supp. at 1285.

6. Subsection (a) of § 1981 provides, in relevant part, as follows:

All persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of

persons and property as is enjoyed by white citizens....

42 U.S.C. § 1981(a).

In *Patterson v. McLean Credit Union*, 491 U.S. 164, 180–81, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Supreme Court narrowly construed § 1981 to address only claims of racially discriminatory hiring and those promotion disputes in which "a new and distinct" contractual relationship was at issue. The 1991 Act overturned the Supreme Court's decision in *Patterson* and specifically amended § 1981 to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *See* 42 U.S.C. § 1981(b).