**Brad L. COOK, Plaintiff,**

v.

**TWIN OAKS COUNTRY CLUB, Defendant.**

No. 00–3192–CV–S–3–ECF.

United States District Court, W.D. Missouri, Southern Division.

Oct. 23, 2000.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

SMITH, District Judge.

Pending is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R.Civ.P 12(b)(1) for lack of subject matter jurisdiction (Doc. # 3). Plaintiff filed his Complaint on May 17, 2000, claiming discrimination in his working conditions on the basis of his race. Defendant asserts that it is a private membership club and thus exempt from Plaintiff's employment discrimination suit under 42 U.S.C. § 1981. Defendant's motion is denied.

## BACKGROUND

Plaintiff started working as a server at Twin Oaks Country Club in March, 1998. Plaintiff alleges that throughout his employment he experienced a racially hostile working environment and was subjected to racial comments from coworkers and supervisory employees such as "blackie", "chocolate boy", and "burnt boy". Plaintiff complained to management about the conduct of his fellow employees; however, no disciplinary action occurred and the conduct continued. Eventually, he resigned from his position, citing the ongoing discrimination and harassment as prompting his action.

42 U.S.C. § 1981 guarantees all persons "the right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for security of persons and property as is enjoyed by white citizens." Plaintiff is seeking lost wages, compensatory and punitive damages for alleged violations of § 1981. Defendant argues, because it is a private membership club pursuant to 42 U.S.C. § 2000(e) and thus exempt from the provisions of Title VII, it is also exempt from Section 1981. Although Plaintiff does not dispute Defendant's claim that it is a bona fide private membership club and exempt from Title VII, Plaintiff argues that this does not affect his 1981 claim.

## DISCUSSION

The Eighth Circuit has established that Rule 12(b)(1) motions are not governed by Rule 56, summary judgement standards. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir.1990). Jurisdictional issues are threshold questions and "whether they involve questions of law or of fact," they "are for the court to decide." *Id.* at 729. Plaintiff has the burden of proving that jurisdiction exists and the court must resolve the jurisdictional issue first. *Id.* A dismissal for lack of subject matter jurisdiction is appropriate when the trial court weighs the evidence and is not satisfied as to the existence of its power to hear the case. *Id.* at 730.

The central issue before this Court is whether a private membership club is exempt from the provisions of § 1981. The plain language of § 1981 does not support an exemption for private membership clubs. 42 U.S.C. § 1981. Still, Defendant argues that the private club exemption of Title VII [1], by implication, exempt similar clubs from employment discrimination suits brought pursuant to § 1981. Defendant concludes that if private membership clubs are exempt from § 1981, the Court

---

1. Defendant also argues that the private club exemption of Title II applies to § 1981. The Court finds that, for many of the same reasons the private club exemption of Title VII does not apply to § 1981, the Title II exemption also does not apply. Further, cases that have applied the Title II exemption to § 1981 have centered on the issue of discrimination in the context of membership, not employment discrimination. The Court believes that these holdings are not necessarily germane to the case at hand.

lacks subject matter jurisdiction. This argument fails for the several reasons.

First, Title VII and § 1981 are separate statutes that should be treated separately. The Supreme Court has held that, "Congress clearly has retained Section 1981 as a remedy against private employment discrimination separate from and independent of ... Title VII." *Johnson v. Railway Express Agency,* 421 U.S. 454, 466, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). In stating that the two statutes "augment each other and are not mutually exclusive," the Supreme Court noted several substantive differences between Title VII and § 1981. For example, the Supreme Court noted that an individual can recover back pay in a § 1981 claim that is not limited to a two-year period, as it is under Title VII. Also, Title VII includes procedural provisions, such as its statute of limitations, that differ from § 1981. *See Johnson v. Railway Express Agency,* 421 U.S. 454, 460, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *see also Baptiste v. Cavendish Club, Inc.* 670 F.Supp. 108, 110 (S.D.N.Y.1987). Perhaps most relevant to the issue at hand, the Supreme Court stated that "[Section] 1981 is not coextensive in its coverage with Title VII. The latter is made inapplicable to certain employers." *Johnson,* 421 U.S. at 460, 95 S.Ct. 1716. This suggests that the Supreme Court was aware that § 1981 did not include the private membership club exemption of Title VII and it did not consider the exemption to be an implied part of § 1981.

Defendant cites two district court opinions which support applying the private membership club exemption to § 1981. *See Hudson v. Charlotte Country Club,* 535 F.Supp. 313, 317 (W.D.N.C.1982); *Kemerer v. Davis,* 520 F.Supp. 313 (W.D.N.C.1982). This Court joins a line of recent opinions which reject these decisions. *See Jones v. Bellerive Country Club,* 1998 WL 1157063 (E.D.Mo.1998); *Graham v. Leavenworth Country Club,* 15 F.Supp.2d 1062 (D.Kan.1998); *Baptiste v. Cavendish Club, Inc.,* 670 F.Supp. 108

(S.D.N.Y.1987); *Crawford v. Willow Oaks Country Club, Inc.,* 66 F.Supp.2d. 767 (E.D.Va.1999). Defendant offers the rationale, as advanced in *Hudson* and *Kemerer,* that the private membership club exemption under Title VII supercedes and thus limits Section 1981 insofar as the statutes conflict. Thus, when Congress included the private membership club exemption in Title VII, it impliedly amended § 1981. However, *Hudson* and *Kemerer* fail to acknowledge that the Supreme Court, in *Johnson,* established the independence of the two statutes. In *Graham,* the District of Kansas court noted, "[i]n light of the clear language of the Supreme Court [in *Johnson* ] indicating that a § 1981 employment discrimination action was not subject to these limitations and requirements of Title VII, we find it difficult to believe that an isolated provision in Title VII, the bona fide private membership club exemption, impliedly amends and limits the older statute." *Graham,* 15 F.Supp.2d. at 1065 (quoting *Guesby v. Kennedy,* 580 F.Supp. 1280 (D.Kan.1984)); *see also Baptiste,* 670 F.Supp. at 110 ("[T]he argument expressed ... that Congress implicitly amended section 1981 when it passed Title VII is speculative and unpersuasive."). Applying *Hudson* and *Kemerer* would be in contravention of the Supreme Court's decision in *Johnson.*

Further, Congress passed the Civil Rights Act of 1991 approximately ten years after the *Hudson* and *Kemerer* decisions and at a time when courts were in conflict over the question of whether the private membership club exemption applied to § 1981. However, Congress opted not to add a private membership club exemption to § 1981. Has Congress wished to resolve the question in favor of the exception's application to § 1981, it clearly could have done so. Its failure to take that step suggests that it was content with the results of judicial opinions declining to apply the exception. In fact, instead of limiting § 1981 by adding the private membership club exemption, Congress

chose to expand the scope of § 1981. *See* Civil Rights Act of 1991, 105 Stat. 1071 (1991). Additionally, it appears that most cases subsequent to the 1991 amendments have held that the private membership club exemption does not apply to § 1981— with many of the opinions noting Congress' decision not to add the exemption. *See Crawford,* 66 F.Supp.2d at 770 ("Congress had the opportunity to add a private club exclusion to § 1981.... It declined to do so. This Court is therefore not inclined to alter an otherwise sound statute by judicial fiat."); *see also Jones,* 1998 WL 1157063 at *3.

Finally, Defendant argues that the Supreme Court, in *New York City Transit v. Beazer,* held that § 1981 provides no greater substantive protection than Title VII. 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979). Thus, a private membership club should not be subject to suit under § 1981 when it is barred from suit under Title VII. The Court agrees with the recent decisions in *Jones* and *Graham* which noted that the statement in *New York City Transit* was dicta and merely an indication by Justice Stevens that the same conclusion reached on the Title VII claim could also be applied in § 1981. *See Jones,* 1998 WL 1157063 at *3; *Graham,* 15 F.Supp.2d. at 1065. The Court finds the detailed discussion in *Johnson* more appropriate; it is not only more comprehensive but also addresses the issue of the case at hand more directly.

Based upon the above discussion, the court holds that the private membership club exemptions of Title VII and Title II do not apply to § 1981. Defendant's Motion to Dismiss is therefore DENIED.

IT IS SO ORDERED.